EASTERN DIST.
*February*, 1832.

## WILBOR *vs.* M'GILLICUDDY.

WILBOR
*vs.*
M'GILLICUDDY.

3   382
115   834

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

A new trial will not be granted on the ground of newly discovered evidence, if it appears from the affidavit of the party applying, that that evidence consists in the testimony of a person whom he had summoned as a witness and dismissed without examination.

A re-sale is one way of establishing the injury arising from a breach of contract, but it is not the sole way.

The rules established by the Code of Practice, in relation to a real tender, do not apply to the case where a debtor is to be put *in mora*.

A demand on the debtor, in order to put him in delay, requires no particular form, it is sufficient if the rule be substantially complied with.

The notification ought to contain a demand of performance on the part of the debtor, and announce a readiness on that of the creditor, to do what the agreement requires of him.

The debtor cannot require of the creditor to prove his ability, to comply with his part of the agreement, unless that fact be put in issue by the pleadings, and whether that inability might not be alleged as matter of defence, or in mitigation of damages?—*Quere.*

The facts and pleadings are fully stated in the opinion of the court, delivered by *Porter, J.*

The plaintiff sues, to recover from the defendant, damages for failing to comply with a contract by which he purchased a certain quantity of molasses hogsheads, at a fixed price. The petition sets out the contract, alleges a readiness on the part of the plaintiff to comply with the obligations it imposed on him, and a refusal on that of the defendant to carry the agreement into effect, though afterwards requested so to do.

The answer puts the existence of such a contract at issue, and denies the right of the plaintiff to recover damage if it did exist, by reason of the defendant not having been put in default.

The cause was submitted to a jury in the court of the first instance, who found for the plaintiff, and assessed his damages at eight hundred and seventy-five dollars.

The defendant moved for a new trial on three grounds : 1. That of newly discovered evidence. 2. That the verdict was contrary to the charge of the court, and the law and evidence of the case ; and 3. That there was no legal evidence of the defendant having been put in default.

The second and third of these grounds, with the exception of that part of the second which relates to the charge of the court, will be considered when we come to treat of the merits. The charge of the court is not spread on the record, and it is immaterial whether the verdict was contrary to, or in affirmance with the charge, so that verdict be right.

In the affidavit made in relation to the newly discovered evidence, the defendant swears, that since the judgment he has discovered evidence material to his suit, although he has used every effort and diligence in his power to procure the necessary testimony ; that said evidence consists in the testimony of J. Berry by whom the defendant can prove that the plaintiff had not the hogsheads ready to deliver at the time he made the contract, nor at any time between that day, and the day on which the suit was instituted.

There is an admission on record that this witness was summoned on the trial on the part of the defendant ; that he attended during the greater part of it, and that he was dismissed by defendant's counsel without being examined.

There had been other contracts between the parties in relation to molasses hogsheads, and it appears by the evidence on record, that the witness was the person who on each occasion, had the possession, and made delivery of them to the defendant. If the evidence was material, we think that ordinary diligence should have induced the defendant to inquire of this person whether he had those also in possession which formed the subject matter of the present action. Not only would diligence have suggested the propriety of seeking information there, before the trial ; it appears to us it is the first quarter in which it would be sought. When we join to this obvious reflection, the fact of the witness being summoned, and dismissed without examination, we cannot say the court below erred in refusing the application.

EASTERN DIST.
February. 1832.

WILBOR
vs.
M'GILLICUDDY.

A new trial will not be granted on the ground of newly discovered evidence if it appears from the affidavit of the party applying that that evidence consists in the testimony of a person whom he had summoned as a witness and dismissed without examination.

The argument of the case has taken a very extensive range, but the real matter for our examination seems to lie in a very narrow compass.

It was argued, there was no contract proved by two witnesses, or by one witness and corroborating circumstances. This question we think correctly settled by the verdict of the jury. Without that verdict we should come to the conclusion on the evidence before us, that there was such a contract as the plaintiff has alleged in his petition.

Again it was urged, that no damages were proved, because the plaintiff had not shown he had re-sold the same merchandise, and sustained a loss by doing so. A re-sale is certainly one way of establishing the injury arising from a breach of contract, but it is not the sole way. If it were, then it would follow, that where a second sale could not be made at all, the vendor would be in a worse situation than if he had readily found another purchaser at a slight diminution of price. The value of the article in this instance, it is proved, greatly diminished between the time of the contract and that of the delivery, and continued so up to the trial of the suit. The jury rightly inferred under such circumstances, that the plaintiff had suffered damages, and they did not, in our opinion, estimate them too highly.

The main question in the cause is, whether the defendant was legally put in default.

By the contract proved in evidence, the defendant purchased of the plaintiff seven hundred molasses hogsheads. No time or place was fixed for delivery. The defendant stated that when he took them away he would pay for them. This agreement was entered into on the twenty-ninth January. On the twelfth March the plaintiff addressed a letter to the defendant, of which the following is a copy :

*New-Orleans, 12th March,* 1831.

Mr. J. P. McGillicuddy :

Sir—The seven hundred molasses hogsheads bought by you of me, on the 29th January last, are subject to your order. Be pleased to send and receive the same.

Your obedient servant,    (Signed)    GEO. WILBOR.

A great many objections have been taken to this demand. We may, however, dismiss from our consideration all those which were derived from an alleged non-compliance with the rules established by the Code of Practice in relation to a real tender. They were made for other purposes than that of putting a debtor *in mora*, and have no application to such a case. The formalities necessary for the latter object are pre-'scribed by the Louisiana Code, and they are such as exclude the idea of the creditor being compelled to pursue those of the former. The first were made for the case where the debtor wishes to discharge himself from his obligation, by placing the thing to be delivered at the risk of the creditor. The last are given by law, to enable the creditor to compel the debtor to perform his contract, or in default thereof to pay damages.

EASTERN DIST.
*February*, 1832.

WILBOR
*vs.*
M'GILLICUDDY.

The rules established by the Code of Practice in relation to a real tender, do not apply to the case where a debtor is to be put *in mora*.

The principal difficulty as to the legality of the demand, grows out of the provisions of the 1907*th art. of the Louisiana Code*, which is in these words : " In commutative contracts, where the reciprocal obligations are to be performed at the same time, or the one immediately after the other, the party who wishes to put the other in default, must at the time and place expressed in, or implied by the agreement, offer or perform, as the contract requires, that which on his part was to be performed, or the opposite party will not be legally put in default."

There is no particular form required by this law, in which the demand is to be made. Nor does the reason of the thing call for any. The rule should however, be substantially complied with. The notification ought to contain a demand of performance on the part of the debtor, and announce a readiness on that of the creditor, to do what the agreement requires of him. What that is, of course depends on the circumstances of each case. The offer must be construed in relation to them. In the language of the code, it must be that " which the contract requires." We have seen by the agreement in this instance, that the defendant was to pay for the property when he took it away, in other words, that he was to apply for the delivery, before any further act on the part of the plaintiff, was necessary to carry the agreement into

A demand on the debtor in order to put him in delay requires no particular form, it is sufficient if the rule be substantially complied with.

The notification ought to contain a demand of performance on the part of the debtor and announce a readiness on that of the creditor to do what the agreement requires of him.

effect. Under the contract, we do not see that any other obligation was imposed on him, than to have the property ready when it was demanded. No other performance on his part was necessary, or indeed practicable under the special circumstances. We think he complied with all the law required of him, when he called on the defendant to take the property away, and announced to him, that it was ready to be delivered. The expressions in the letter, that "it was subject to his order," convey no other idea, than a willingness to deliver the object sold, particularly when coupled with the other clause requiring him to "send and receive it."

It was urged, the plaintiff should have showed he had seven hundred molasses hogsheads ready to deliver, and that the failure to prove he had the means of performing his part of the contract, deprives him of all claim to damages. The answer puts no such matter at issue. It is limited to a denial of the agreement, alleged in the petition, and to an averment that the defendant was not put in default. Under these pleadings, it was only necessary the plaintiff should prove the contract, and that the defendant was put in default. The article in our code already cited, requires performance, or an offer to perform, as the case may be. The capacity to carry that offer into effect, need not be shown in the first instance by the plaintiff, to enable him to maintain an action. Whether the defendant might not allege it as matter of defence, or at least in mitigation of damages, this case does not require us to say.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

The debtor cannot require of the creditor to prove his ability to comply with his part of the agreement, unless that fact be put in issue by the pleadings; and whether that inability might not be alleged as matter of defence or in mitigation of damages. Quere.