BRASHEAR *vs.* M'MASTERS ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a promissory note is given, in consideration of the plaintiff's promise to have a certain tract of land laid off into town lots, and the share of each subscriber conveyed to him, it is a contract creating reciprocal obligations, and the plaintiff is bound to convey, or show his readiness and ability to perform his part of the contract, and, failing to do so, cannot recover on the note.

In contracts containing reciprocal obligations, the party bound to convey, must convey, or show his readiness and ability to perform his part of the contract, before he can compel the other to pay the price.

This is an action against the makers of a note for one thousand two hundred and fifty dollars. The note was given in consideration of the defendants' subscribing for one quarter of a share of a tract of land, to be divided and laid out into town lots. The agreement is headed as follows:

"We, the undersigned, agree and bind ourselves for the several sums annexed to our names, and oblige ourselves to give our individual bonds for the same, payable on the first day of January, 1838, on the following conditions, viz: Walter Brashear, on his part, and Thomas B. Warfield, attorney in fact of Barr's heirs, stipulate to convey to the undersigned, in their just proportion, all that tract of land called *Golden Farm*, situated on Berwick's Bay, containing five hundred and eighty-eight arpents, more or less, with a good and sufficient title; which tract of land is to be laid out into town lots, on such terms and conditions as a majority of the persons hereunto subscribed may determine on, and which is estimated in and by an act passed before William Boswell, notary public, on the 20th March, 1837, at the sum of fifty thousand dollars."

The land was divided into shares of five thousand dollars each. The defendants subscribed for a quarter of a share, and gave in payment their note now in suit, payable the 1st January, 1838. The agreement seems to have never been completed. All the shares were not subscribed; and there

is no evidence that the land was ever divided, the town laid off, or that the plaintiff had performed any part of the agreement, or showed any offer or disposition to comply.

The defendants resisted payment, on the ground that the note was without consideration, and void. They prayed that the contract be cancelled, and the note given up.

There was judgment for the defendants, and the plaintiff appealed.

*Wharton*, for the plaintiff.

*Micou*, contra.

*Bullard, J.*, delivered the opinion of the court.

The defendants, being sued on their promissory note, pleaded that it was given as the price of certain land, which the plaintiff and one Warfield had bound themselves to convey to the respondents and others, but which agreement was, in itself, incomplete and not binding on them, and that the plaintiff had not performed, on his part, what he was bound to do, and that, consequently, the consideration has failed, and the plaintiff not entitled to recovery. They claim the right of receding from the incomplete agreement, and that the note may be cancelled and annulled.

The agreement under private signature referred to in the answer, was given in evidence, and sufficiently proves, in our opinion, that the note was given for the consideration alleged. It remains only to inquire whether that consideration was valid, and, if so, whether it has failed.

The subscribers to that instrument bind themselves for the sums affixed to their names severally, and to give their bonds for the same, payable on the first day of January, 1838. The plaintiffs, together with Warfield, acting as agent for certain other persons, stipulate on their part to convey to the subscribers, in their just proportions, a tract of land on Berwick's Bay, called the Golden Farm, to be laid out into town lots, on such terms and conditions as a majority of the subscribers might determine on, and which is estimated, in an act before Boswell, notary, at fifty thousand dollars. The whole amount does not appear to have been subscribed.

EASTERN DIST.
*April*, 1840.

In contracts
containing reci-
procal obliga-
tions, the party
bound to convey,
must convey, or
show his readi-
ness and ability
to perform his
part of the con-
tract, before he
can compel the
other to pay the
price.

We leave out of view the contract passed before Boswell, because the defendants were not parties to it; and although it creates obligations in relation to the laying out of a town on Berwick's Bay, of which the subscribers to the contract under private signature might, perhaps, claim the performance; yet it is not necessary to inquire into it in this case. The consideration for which the note was given, was clearly a portion of the tract of land which the plaintiff, jointly with Warfield, promised to convey to the defendants; and the contract created reciprocal obligations. The plaintiff was bound to convey, and the defendants to pay their share. The latter cannot be compelled to perform their part of the contract, until the plaintiff shows his readiness and ability to perform his; and there is no evidence before us that the defendants have been legally put *in mora.*

The judgment of the District Court is, therefore, affirmed, with costs.