This case was tried by a jury iu the lower Court.
IiiSnnv, J.
This action, founded on Article VJ589 of the Louisiana Code, is brought to recover from the defendant, the difference in the price of a certain plantation, etc., which had been adjudicated to him at a syndic’s sale; and which, in consequence of his refusal to comply with the terms of the first sale, was sold a second time for a less price.
The property advertised for sale and adjudicated, was a large sugar plantation, “ with <pofl seéd-cane to plant two hundred arpenls.”
The answer is a general denial, and, also, a sxiecial defense is set ux>, the principal ground of which is, that at the time of the sale, there was not on the property sufficient seed-cane to plant sixty arpents, and that *85 he was deceived, and led into error in this particular, by the advertisement, and that he was under no obligation to accept the adjudication made to him by the sheriff. He claimed damages in reconvention, but this he afterwards abandoned.
The case was submitted to a jury, and a judgment was rendered by the Court below, upon their verdict in favor of the defendant, and the plaintiff, after an ineffectual attempt to obtain a new trial, has appealed.
The appellant has filed in this Court his written argument; but none has been presented to us on behalf of the appellee.
The law gives three remedies against the defaulting purchaser, at auction sales—the action for the specific performance ; the ordinary action for damages, and the action based upon the folle-enchere, which, itself, if properly conducted, liquidates the damages, and if the plaintiff could not have maintained his action in one of the two modes first mentioned, he must fail in this one.
Assuming as true, what is otherwise satisfactorily proved, that there was as great a deficiency of plant-cane, as is alleged in the answer, it follows that the vendor was not in a condition to comply with this very important part of his contract—to deliver to the purchaser, with the plantation, sufficient seed-cane to plant 200 arpents, and this was the obligation imposed on him by his contract, and by law. Art. 2450 C. C.
This is an action for damages, and as a prerequisite to their recovery, the defendant must have been put in default, which has not yet occurred. “ In commutative contracts, where the reciprocal obligations are to be performed at the same time, or the one immediately after the other, the X^arty who wishes to put the other in default, must, at the time and x>lace expressed in, or implied by the agreement, offer, or perform, as the contract requires, that which on his part was to be performed, or the other parly -will not be lecjalhj pniin default.” See Article La. Code 1908; 3 La. 382; 15 La. 282; 5 A. 578.
'Whatever was the defendant’s motive in bidding uxdoii the property, he could still claim legally, as a purchaser, the full benefit of his contract, which was an entire one, and entitled him to what he bought, and every part of it. C La. 485. Nor was he compelled to perform his part of the contract as purchaser, until the seller showed his readiness and ability to perform his. 15 La. 282.
A sufficiency of good seed-cane is the life of a sugar plantation, and the quantity advertised and adjudicated with it to the defendant, formed so important an item in the sale, that persons present thereat say, that had it been made known how great was the deficiency (a fact not brought home to the defendant) they would not, although otherwise dis-X>osed to buy, have made a bid upon it. Seed-cane that year was very scarce, and the removal of it from one plantation to another, always injures it. None was put upon the place to supply the deficiency, and it is not, therefore, necessary to determine whether that would have been a compliance with the contract, on the part of the vendor.
The case of Hall et al. syndics v. Nevill, and Article 2487 La. Code, cited by the appellee, have no application to the xn’esent case.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, at the costs of the appellant.