No. 1047.—Robert McNamara v. John Clark.

By a failure on the part of one of the contracting parties to comply with the stipulations of the contract, the other party may, by first putting him in default, recover the damages sustained on account of such failure.

APPEAL from Sixth District Court, parish of Orleans. *Duplantier*, J. *James D. Augustin* and *S. Myers*, for plaintiff and appellee. *Buchanan & Gilmore*, for defendant and appellant.

This case was tried by a jury in the court below.

LUDELING, C. J. In May, 1863, Robert McNamara and John Clark entered into an agreement whereby the latter agreed to pay the former fifteen hundred dollars to excavate the foundations of a draining machine within two months from the date of the agreement. The plaintiff commenced the work and progressed with it until he was stopped by the overflow of back water from Lake Pontchartrain. The defendant then proposed that if the plaintiff would build a road over which to carry the pump to the excavation, he would furnish a steam pump. This was acceded to by the plaintiff and the road was built. After some delay the plaintiff wrote a letter to the defendant, complaining of the non-observance of his part of the contract and notifying him that he was ready to proceed with the work as soon as the steam pump was furnished. The defendant did not furnish the pump and the plaintiff quit the work and instituted this suit for damages.

The case was submitted to a jury, who rendered a verdict in favor of the plaintiff for two hundred and fifty dollars. The term of the first agreement was extended by the second agreement; the plaintiff performed his part of the second contract and put the defendant in default. C. C. 1913 [1907]; 3 La. 385.

We see no good reason to disturb the verdict of the jury.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed, with costs of appeal.