Levy, Jr. vs. Beasley.

---

## No. 250.

### SIMON LEVY, JR., VS. JOSEPH C. BEASLEY.

The principal controversy in this case is one of fact.

Where suit is brought on an open account, secured by a collateral act of mortgage, and notes thereto attached, which were discounted and the proceeds thereof placed to the credit of the maker, and demand is made for the recognition and enforcement of the mortgage, the plaintiff is entitled to recover from the defendant, the additional sum of five per cent on the amount of the mortgage notes, as attorney's fees, when same is stipulated in the act.

APPEAL from the First District Court, Parish of Caddo. *Taylor*, J.

---

*Land & Land* for Plaintiff and Appellee:

1. A factor who has complied with his contract is entitled to commissions on all cotton promised to be shipped to him. 24 Ann. 159; 30 Ann. 503.

2. Attorney fees stipulated in an act of mortgage are due when the mortgagor is bound to employ counsel to collect his claim. 36 Ann. 65; 39 Ann. 397.

3. No separate verdict or judgment was necessary on defendant's claim for damages for an alleged violation of the contract sued on and for the alleged wrongful suing out of the sequestration in this suit, and it was defendant's duty to ask for a special finding before the verdict was recorded. 4 L. 40; 17 L. 92; 6 Ann. 222; 10 Ann. 53; 20 Ann. 455; 38 Ann. 570.

4. If the reconventional demand was overlooked, the Supreme Court will correct the oversight, without remanding the case. 10 Ann. 494.

---

*Alexander & Blanchard* for Defendant and Appellant:

A charge of interest exceeding eight per cent is usurious, and under the Revised Statutes, Section 1884, the entire interest is forfeited, and not simply that in excess of the legal rate. 15 Ann. 537; 16 Ann. 239; 23 Ann. 249; 34 Ann. 893.

---

The opinion of the Court was delivered by

WATKINS, J. This is a suit upon an account current for plantation supplies furnished the defendant by the plaintiff during the year 1888,

and amounting to something more than $10,000; and for the recognition and enforcement of a contract of pledge on defendant's crop, and a mortgage which had been executed and delivered to the plaintiff as collateral security for said account.

The plaintiff further avers that the defendant failed and refused to deliver his cotton as he had contracted to do, notwithstanding he was formally put in default by a timely demand of him so to do, and that, for that reason, he is entitled to recover of him commission of $1 per bale on the total number of four hundred bales which defendant produced, or $400. He also demands judgment for amount of five per cent on $8000, as attorneys' fees, which are stipulated in to the act of mortgage.

On appropriate averments plaintiff obtained the sequestration of defendant's crops.

The defendant's answer is a general denial coupled with the averment that, contrary to a special agreement made with the plaintiff, and adverse to his legal rights, the plaintiff charged him prices far in excess of the market value of the articles purchased, and that these overcharges aggregate $1600.

That, notwithstanding the exorbitant discount charged and deducted from the amount of the proceeds of the notes which were placed to his credit, the plaintiff demanded and deducted an additional ten per cent. as interest, and that said overcharge aggregates $1060. He claims credit for these sums amounting to $2660.

He further claims that he failed and refused to advance to him money to enable him to cultivate a portion of his land, of about ninety acres, which he had planted, and that on that account he was compelled to abandon its cultivation, and a loss was entailed upon him of $200 thereby.

Finally, he sets up a proffered settlement and an adjustment of the differences existing between himself and plaintiff, and its declination by the plaintiff, and the subsequent wanton, useless and illegal seizure of his property. He specially avers that the act of the plaintiff in suing out the writ of sequestration was malicious, and wantonly and wilfully done, in order to injure him and break down his credit, and thereby he has been damaged and injured in the sum of $2000. The aggregate amount of his demands is $6660.

The case was tried by a jury and they found a verdict in favor of the plaintiff for the entire amount of his account, and the further sum of $150 on account of commissions on the sale of cotton not delivered according to contract. They deducted the sum of $259 88 on the score

of excessive interest, and $45 as the amount of excessive, or over-charges on sales of merchandize. The net amount for which there was verdict and judgment is $10,134 96, with legal interest from judicial demand, on $2429 84, and eight per cent interest on $8000, in pursuance of the terms of the act of mortgage; and it also recognizes the mortgage and privilege as claimed.

From a judgment based on this verdict the plaintiff prosecutes a devolutive appeal, without having previously applied for a new trial, and in this court has assigned no error on which he relies; but in the brief of his counsel, reliance is placed upon the proof of most all of his demands, and he claims an increase of credit.

We have examined the evidence and noted the points of objection urged by defendant's counsel. There may have been some honest differences between the plaintiff and defendant, as to the exact nature of their rights, but in the light of the record, all of them seem to have entirely disappeared; for the verdict of the jury appears to conform to the facts proven on the trial, and evinces a clear understanding of the case.

In this court, plaintiff's counsel filed an answer to the appeal and demands an increase of the judgment in his favor. The only item deserving of our attention is that of five per cent on the amount of $8000 collateral mortgage, amounting to $400.

There is a stipulation in the act of mortgage that the mortgagor shall pay five per cent attorney's fees "in the event of suit for the collection of said notes" for $6500 and $1500. This is a suit on the account, which is secured by the pledge of these notes as collateral security, and the recognition and enforcement of the mortgage is demanded and the verdict and judgment awards his demand.

In Mullen vs. His Creditors, 39 Ann. 398, we said, "this court has decided that attorney's fees in similar cases form part of the capital. So that, when the face amount of the note only is paid, it cannot be said that the claim is satisfied. The fees of the attorney remaining unpaid have to be satisfied out of the proceeds." Zimmerman vs. Langles, 36 Ann. 65.

We think plaintiff is entitled to recover the amount of five per cent on $8000, as the amount of attorney's fees stipulated in the mortgage. It is, therefore, ordered and decreed that the amount of judgment be increased by the sum of $400, and as thus amended the same be affirmed with all costs taxed defendant and appellant.