## TIDEWATER PLUMBING SUPPLY CO., Inc., v. SCHIMMEL et al.

(Circuit Court of Appeals, Fourth Circuit. February 5, 1924.)

### No. 2163.

1. **Bankruptcy ⊚⇒101, 117(2)—Adjudication brings all property of bankrupt, wherever situated, into the court making the adjudication; debtor without power to pay out money after bankruptcy.**

   An adjudication in bankruptcy operates to bring the property of the bankrupt wherever situated, into the jurisdiction and control of the court making the adjudication, including money due bankrupt in another jurisdiction, and the debtor is without authority thereafter to pay the money to local creditors of bankrupt in that jurisdiction.

2. **Bankruptcy ⊚⇒18½—General assets of bankrupt recovered in ancillary proceedings must be transferred to court of original jurisdiction.**

   Where ancillary proceedings by a trustee in another jurisdiction are necessary to recover a fund which is a part of the general estate of the bankrupt, and which became vested in the trustee on his appointment, such fund must be transferred for administration to the court of original jurisdiction.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

The Tidewater Plumbing Supply Company, Inc., appeals from an order made in ancillary proceedings instituted by I. William Schimmel, trustee in bankruptcy of William F. Kirwan, individually and trading as Kirwan Construction Company, against appellant and others. Affirmed.

Randolph Barton, Jr., of Baltimore, Md., and Alfred Anderson and Richard C. Cole, both of Norfolk, Va. (Thomas W. Shelton, of Norfolk, Va., on the brief), for appellant.

T. D. Savage, of Norfolk, Va., and Paul R. Kach, of Baltimore, Md. (Savage & Lawrence, of Norfolk, Va., on the brief), for appellees.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. This case, upon the pleadings and proofs, is briefly as follows:

The H. D. Watts Company, a corporation, was general contractor to construct one of the high school buildings for the city of Norfolk. The Kirwan Construction Company, the bankrupt, was a subcontractor to do the plumbing work under the contract, and the appellant, Tidewater Plumbing Supply Company, Inc., and the two appellee companies, the Hanbury Sheet Metal & Welding Company, and the Price-Reynolds Hardware Company, Inc., were materialmen, and furnished supplies to the Kirwan Construction Company, the bankrupt, for use in the building.

On the 20th of November, 1922, Kirwan, individually and trading as the Kirwan Construction Company, filed a petition in voluntary bankruptcy in the United States District Court for the District of Maryland, and on that day was adjudged bankrupt. On the 22d of November, upon petition of creditors a receiver, Schimmel, was appointed by the

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Maryland court, and qualified as such on the following day. On the 25th of January, 1923, Schimmel was elected trustee of the estate of the bankrupt, and duly qualified on the 26th of the same month.

On the 25th of November, 1922, the transaction the subject of this litigation occurred. The appellant and the two appellees other than the bankrupt, having shortly theretofore instituted suits in the state court at Norfolk, Va., to recover an alleged indebtedness due them by the Kirwan Construction Company on account of supplies and materials furnished in connection with the construction work aforesaid, sued out attachments against the general contractor, H. D. Watt Company, and the city of Norfolk. The H. D. Watt Company, out of money due by it to the Kirwan Construction Company, paid to the said supply creditors the sum of $5,000, and the latter dismissed the attachments. This was five days after the filing of the petition in bankruptcy, and the purpose of this ancillary proceeding is to have the $5,000 claimed thus to have been unlawfully diverted from the bankrupt's estate paid to the bankrupt's trustee. The district court at Norfolk heard the case upon the pleadings and proofs adduced before it in open court, at the conclusion of which it adjudged that the $5,000 in question at the time of the payment thereof constituted a part of the bankrupt's estate, and passed by operation of law upon the filing of the petition in bankruptcy to the bankrupt's trustee, and ordered the same to be returned and paid to the trustee, from which action this appeal is taken.

Two assignments of error are made: First, that the district court erred in adjudging that the $5,000 was part of the bankrupt's estate; second, in failing to retain jurisdiction of the ancillary proceeding, and determine therein the rights of claimants in and to the fund.

[1] Appellant in effect concedes that if the $5,000 was part of the bankrupt's estate the action of the district court was free from error in treating as invalid the payment thereof to the supply lien creditors as indicated herein. We are in full accord with the trial court in its holding that the $5,000 was a part of the bankrupt's estate. From our viewpoint, there can be no doubt of the fact upon the proof adduced.

[2] Appellant earnestly insists that in no event should the fund be transferred to the court of original jurisdiction, but administered in the court of ancillary jurisdiction, and it permitted therein to have determined its rights, legal and equitable, in and to the fund in question. It cites in support of its position Murphy v. John Hofman Co., 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. 327; Fidelity Trust Co. v. Gaskell, 195 Fed. 865, 115 C. C. A. 527 (8th Circuit); Emerson v. Castor, 236 Fed. 29, 149 C. C. A. 239; In re Einstein (D. C.) 245 Fed. 189. These cases bear directly on the issue in controversy, and of the right to proceed in the court of ancillary jurisdiction; and the case of Fidelity Trust Co. v. Gaskell contains quite a full discussion of the subject; but in our view these decisions should not control in the circumstances here. On the contrary, the proper action to be taken is fully covered by the line of decisions of the Supreme Court commencing with Bryan v. Bernheimer, 181 U. S. 188, 195, 196, 197, 21 Sup. Ct. 557, 45 L. Ed. 814; Mueller v. Nugent, 184 U. S. 1, 14, 22 Sup. Ct. 269, 46 L. Ed. 405; Acme Harvesting Co. v. Beekman Lumber Co., 222 U. S.

300, 307, 32 Sup. Ct. 96, 56 L. Ed. 208; Cameron v. United States, 231 U. S. 710, 717, 34 Sup. Ct. 244, 58 L. Ed. 448; Lazarus v. Prentice, 234 U. S. 263, 266, 34 Sup. Ct. 851, 58 L. Ed. 1305. Under these authorities, the filing of the petition in the court at Baltimore, and the adjudication of the bankrupt, operated to bring the property of the bankrupt wherever situated into and under the jurisdiction and control of the bankruptcy court in the proceedings thus instituted, and upon the filing of such petition the property was in effect in custodia legis, and therefore subsequent liens could not be given or obtained, nor could a valid payment or disposition of the bankrupt's estate be made. At the date of the transaction complained of, the $5,000 sought to be recovered in these proceedings was money due from the general contractor, H. D. Watts Company, to the subcontractor, the bankrupt, and as such constituted part and parcel of its estate; and the Watts Company was forbidden by law to make payment thereof on account of the bankrupt's creditors, and the receipt of such payment by the creditors was invalid.

While there are many cases in which courts of ancillary jurisdiction should administer the fund under their control, settling and determining the liens thereon, and the rights of parties thereto, still, in a case like this, with the fund not actually in court, the same being confessedly a part of the bankrupt's estate, and diverted after the bankruptcy, it should be paid and transferred over, to be administered under decrees and orders of the court of original jurisdiction.

Appellant insists that the district court erred in its failure to recognize and act upon a certain equitable assignment claimed to be held by it to the fund in question. From our view of this case, we think the action of the district court in that respect was also free from doubt, and that whatever claim, if any, those asserting interest in, lien upon, or right to the $5,000 herein adjudged to belong to the bankrupt's estate had, should be asserted in and determined by the court of original jurisdiction.

The decree of the District Court will be affirmed, at the cost of the appellant. Affirmed.