## PEOPLE'S HOMESTEAD ASS'N v. BART-LETTE.

Circuit Court of Appeals, Fifth Circuit.
July 13, 1929.

Rehearing Denied August 19, 1929.

No. 5377.

Henry G. McCall and Delvaille H. Theard, both of New Orleans, La., for appellant.

Claude L. Johnson, of New Orleans, La., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from a decree in bankruptcy, which rejected claims of the appellant homestead association for allowance by preference over unsecured claims of interest and an attorney's fee according to the terms of a mortgage which it held against the bankrupt.

The mortgage contained the usual provision requiring the payment of interest as a part of the secured debt, and bound the mortgagor, "in case it should become necessary to institute legal proceedings for the recovery of the amount of said note or any other amount which may be due said corporation [mortgagee], to pay the fees of an attorney at law who may be employed for that purpose, which fees are fixed at 5 per cent. of the amount sued upon." Appellant made no attempt to enforce collection of its mortgage debt, although the mortgage was past due, until five days after the filing of the petition and adjudication in bankruptcy. It then instituted in the state court a foreclosure suit, which, however, it promptly abandoned upon objection being made in an intervening petition by the trustee in bankruptcy. The mortgaged property was sold free of liens at public auction in the bankruptcy proceedings for more than enough to satisfy appellant's claims for principal, interest up to the date of the completed sale, and attorney's fee.

The purchaser at the auction sale filed a petition by which he sought unsuccessfully to be relieved of his bid, and thus caused a delay of about two months in the payment of the purchase price. Appellant came into the bankruptcy court voluntarily, filed objections to the purchaser's petition and insisted that he be compelled to take and pay for the property, and was allowed without question interest up to the date of the auction sale; but its application to be allowed interest from that date up to the date of the

completed sale and payment of the purchase price, amounting to $225, and an attorney's fee, was denied. The conclusion is justifiable that appellant, at the time it filed suit in the state court to foreclose the mortgage, had actual notice of the bankruptcy proceedings, as it so framed its petition as to deny only that it then had official notice.

■ The trustee in bankruptcy was in possession of and vested with the title of the bankrupt to the mortgaged property before the foreclosure suit was instituted. 11 USCA §§ 75, 110. After that property passed to the trustee by virtue of the Bankruptcy Act (11 USCA), a lien could not be placed upon it by any subsequent proceeding in the state court. Murphy v. John Hofman Co., 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327. But the bankruptcy court, in administering the bankrupt's estate, had the right to order a sale of it free of debts and to apply the proceeds of such sale to the satisfaction of valid liens upon it. In re Franklin Brewing Co. (C. C. A.) 249 F. 333; In re Gimbel (C. C. A.) 294 F. 883.

■ We are of opinion that appellant was entitled to interest on its mortgage up to the date of the completed sale. That sale was not complete until the purchaser had complied with his bid by paying the purchase price. Section 67(d) of the Bankruptcy Act (11 USCA § 107) provides that liens given or accepted in good faith shall not be affected by that act. In Coder v. Arts, 152 F. 943, 15 L. R. A. (N. S.) 372, the Circuit Court of Appeals for the Eighth Circuit, in an opinion by Judge Sanborn, held that, "where a trustee sells mortgaged property of the bankrupt's estate free of the mortgage, and the proceeds of the sale are sufficient for that purpose, the mortgagee is entitled to payment of the interest upon his mortgage debt as well as the principal, out of the proceeds in accordance with the terms of the note and mortgage."

In support of that ruling Thompson v. Fairbanks, 196 U. S. 516, 25 S. Ct. 306, 49 L. Ed. 577, was cited. The Supreme Court in affirming Coder v. Arts, 213 U. S. 223, 245, 29 S. Ct. 436, 445 (53 L. Ed. 772, 16 Ann. Cas. 1008), said: "Nor do we think the Circuit Court of Appeals erred in holding that, inasmuch as the estate was ample for that purpose, Arts was entitled to interest on his mortgage debt." Sexton v. Dreyfus, 219 U. S. 339, 31 S. Ct. 256, 55 L. Ed. 244, relied on by appellee, is not in conflict with the view indicated by the just quoted language. In that case the secured creditors had exhausted their security, and as to the fund in court were unsecured creditors. In Coder v.

Arts, as in this case, the secured creditor had not exhausted his security, and sought to be paid, not out of a general fund that belonged to the unsecured creditors, but out of a special fund derived solely from the sale of his security. See San Antonio Loan & Trust Co. v. Booth (C. C. A.) 2 F.(2d) 590.

It is true that in Lerner Stores Corporation v. Electric Maid Bake Shops, 24 F.(2d) 780, this court held that a mortgage creditor was not entitled to collect interest after the petition in bankruptcy was filed, but in that case the contest was between two secured creditors, the bankrupt's landlord and mortgage creditor, over the question of which one was entitled to priority of payment, and therefore is not applicable to the facts of this case.

■ The mortgage provided for attorney's fees only "in case it should become necessary to institute legal proceedings" and in that event fixed those fees at five per cent. of "the amount sued upon." Appellant brought the foreclosure suit after the petition in bankruptcy was filed, and the District Judge could fairly draw the conclusion from the facts and circumstances that it was unnecessary and was brought for the purpose of increasing the amount of the mortgage lien at the expense of the bankrupt estate. Appellant's right to collect the principal of its debt and interest up to the date of the auction sale was never denied, but was conceded. Whether the bidder at that sale should be compelled to make his bid good and accept the property at the price he offered was immaterial to appellant, as it is not claimed that the security was inadequate. As events proved, it was necessary for appellant to intervene to collect its interest. Under the strict terms of the mortgage, we think an attorney's fee of 5 per cent. became payable and ought to have been allowed, not upon the amount of the mortgage, but upon the amount of interest that was disallowed.

■ The construction of the contract for attorney's fee presents a question of state law. Security Mortgage Co. v. Powers, 278 U. S. 149, 49 S. Ct. 84, 73 L. Ed. —. The Supreme Court of Louisiana, in construing contracts containing substantially the same provision requiring the payment by a mortgagee of an attorney's fee as is here involved, has uniformly held that such fee is not collectible where suit is unnecessary. An attorney's fee quite as uniformly has been allowed under such a provision, where, on account of default of the mortgagor or his successor in interest, it has been necessary for the mortgagee to prosecute an original suit, or to in-

tervene in a suit by another in order to protect his security. The mortgage is enforced as made, and unless a fee be contracted for none is allowed. A reasonable fee is not awarded upon equitable principles and irrespective of the contract. Zimmerman v. Langles, 36 La. Ann. 65; Mullan v. Creditors, 39 La. Ann. 397, 2 So. 45; Levy v. Beasley, 41 La. Ann. 832, 6 So. 630; Zeigler v. Creditors, 49 La. Ann. 144, 21 So. 666; Succession of Foster, 51 La. Ann. 1670, 26 So. 568; Hayward v. Hayward, 114 La. 476, 38 So. 424.

In Security Mortgage Co. v. Powers, supra, relied on by appellant, the mortgagor's obligation under a Georgia contract was to pay an attorney's fee, not as here in case suit was necessary, but in the event the mortgage should be collected "by law or through an attorney at law," and it was held that the construction placed upon similar obligations by the courts of Georgia was controlling. That construction, it so happens, is not the same as has been placed upon this Louisiana contract by the courts of Louisiana. The difference of construction by the courts of the two states doubtless arises out of the difference between the contracts, but that is immaterial, inasmuch as the local law governs.

Because of the refusal of the District Court to allow, as secured claims, interest on appellant's mortgage up to the date of the completed sale and an attorney's fee of five per cent. on the amount of such interest, the order appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.