### RIDDELL v. SOUTH TEXAS COMMERCIAL NAT. BANK.

No. 10152.

Court of Civil Appeals of Texas. Galveston.

Dec. 5, 1935.

Rehearing Denied Jan. 9, 1936.

Mulitz & Mulitz, of Houston, for appellant.

Fulbright, Crooker & Freeman and T. B. Blanchard, all of Houston, for appellee.

LANE, Justice.

This suit was brought by L. G. Riddell against South Texas Commercial National Bank to recover judgment for the sum of $2,464.74.

Plaintiff alleged that Seth S. Lamb was, on the 3d day of March, 1933, transacting business under the name of Seth Lamb & Co. as a stockbroker; that prior to said date he placed with said Lamb certain shares of General Electric stock for sale; that on said date Seth Lamb & Co. sold said shares of stock and received therefor the sum of $2,464.74, and immediately thereafter that Seth Lamb & Co. executed and delivered to plaintiff a check drawn on the defendant bank, payable to the plaintiff, in the sum of $2,464.74; that at the time such check was so drawn and delivered it was expressly, or, in the alternative, the implied understanding of the parties that such check would operate as and constitute an assignment of any funds on deposit in said bank to the credit of Seth Lamb & Co. to the amount of such check, or, if mistaken in this allegation, plaintiff alleges that it was the intention of the parties that plaintiff should have a lien upon said funds.

That on the 25th day of April, 1933, at about 9 o'clock a. m., during regular hours and in the due course of business, plaintiff presented his said check to defendant bank and demanded payment thereof, and at the time of presentment of said check to defendant, said bank through its duly authorized agent, servant, and employee, informed plaintiff, "or ones acting for him," that there was more than sufficient funds on deposit to the credit of Seth Lamb & Co. to pay said check, but that they could not pay same due to a certain petition that was filed by said Seth Lamb & Co. with the clerk of the District Court of the United States for

the Southern District of Texas at Houston, Tex., and said bank thereupon refused to pay said check or any part thereof, and continues to so refuse. That immediately after plaintiff had presented said check for payment said defendant bank appropriated most, if not all, of the funds on deposit in said bank to the credit of Seth Lamb & Co. to its own use and benefit, well knowing the nature and method of the conduct of said Seth Lamb & Co.'s business and well knowing that all or a great part of said funds belonged to the customers of said Seth Lamb & Co., of which plaintiff was one, and without any attempt on the part of said defendant to separate the intermingled funds or ascertain the true ownership thereof before making said appropriation.

Plaintiff further states that said bank was negligent in failing to pay said check when presented by plaintiff during regular banking hours, at a time when defendant had more than sufficient funds on hand to pay it, and the refusal of defendant bank to pay said check was fraudulent and oppressive, and was done in furtherance and pursuance of a scheme and plot to strengthen its own position with respect to a certain debt owing to it by Seth Lamb & Co., and for the purpose and with the intention of appropriating to its own use any funds then on deposit in said bank to the credit of Seth Lamb & Co., in payment of said debt. That the acts of said defendant in refusing payment of the check when presented were further negligent and fraudulent in that said defendant, in making said appropriation, as above alleged, made no effort or attempt whatsoever to ascertain the true ownership of said funds so appropriated by it, though well knowing that most, if not all, of said funds belonged to the customers of Seth Lamb & Co., of which plaintiff was one.

That since the presentment of plaintiff's check to defendant bank there has been a trustee or receiver appointed to liquidate the affairs and business of Seth Lamb & Co. Due to the fact that said bank refused to pay said check to plaintiff, or those acting in his behalf, and by reason of the premises, plaintiff has suffered damages in the sum of $2,464.74.

Defendant bank answered by general demurrer and general denial.

H. L. Fortinberry, qualified and acting trustee of the estate of Seth S. Lamb, intervened in the suit, and, after alleging certain facts hereinafter stated, asked that the plaintiff's suit be abated in so far as any attempt is made by any party to the suit to adjudicate any matter with reference to any funds, property, stocks, bonds, or other securities, belonging to the estate of Seth S. Lamb.

Intervener alleged substantially, among other things, that Seth S. Lamb, on the 24th day of April, 1933, filed in the District Court of the United States for the Southern District of Texas, his petition, under the provisions of section 74 of the Acts of Congress relative to bankruptcy, asking to be adjudged a bankrupt; that on said date the judge of said court ordered that the petition of Seth S. Lamb be referred to Carter Grinstead, referee in bankruptcy, for administration under said section 74 of the Bankruptcy Act as added by Act March 3, 1933, 47 Stat. 1467 (see 11 U.S.C.A. § 202); that on the 19th day of June, 1933, said referee, upon the application of the bankrupt for confirmation of his proposal of composition with his creditors and extension of time to pay his debts, entered an order in all things confirming such proposal; that said referee appointed intervener trustee of the estate of Seth Lamb; that said estate is being administered by said District Court, which has jurisdiction over said estate; that intervener, by an order of said referee, had authority to intervene in this suit for the benefit of Lamb's creditors and to prevent the application of any funds or other property belonging to said estate in the hands of the defendant bank to the payment of any sum claimed by plaintiff to be due him by Seth S. Lamb; that intervener as said trustee has succeeded to such rights in any funds or other nonexempt property owned by Seth Lamb now held by the defendant bank, and that all questions with respect to any such property should be adjudicated in the said United States court, by and through said referee, Grinstead.

Intervener, pleading further, presented a general demurrer and general denial to the allegations of the plaintiff and specially alleged that for reasons pointed out plaintiff was not entitled to the relief prayed for by him, which such allegations are not important in the disposition of this appeal.

Seth S. Lamb intervened in the suit, repeated the allegations made by the trustee, Fortinberry, relative to bankruptcy proceeding, and those relative to the appointment of Fortinberry as receiver of the estate of Lamb, and further alleged as follows:

"This intervener further represents that the plaintiff is only a general creditor of his

said estate and has no prior right to any property or funds of said estate whether the same are held by the defendant bank or any other party; that by reason of the filing of the petition in the United States District Court and the action taken thereon by said court, this Honorable Court has no jurisdiction whatever with reference to the suit sought to be maintained by plaintiff, but that the United States District Court has exclusive jurisdiction of all matters relating to the administration of the estate of this intervener; that any property which the said defendant bank might have in its possession is owned by this estate and subject to be administered as a part of such estate in the Bankruptcy Court; that whatever funds are in the hands of the defendant bank the same are and constitute a part of the assets of the estate and are being administered by the aforesaid court as such and the plaintiff is not by law entitled to have the jurisdiction of this court either for the proof of any claim he might have against the said estate or his priority to any funds owned by said estate.

"This intervener further represents that the suit as is being asserted by the plaintiff is a pretense to indirectly establish its claim against the estate and secure a preference in the payment of same as against other creditors of the estate; that the debt as sued on by plaintiff is based upon a claim from which a discharge if granted intervener in the bankruptcy proceeding would be a relief and under section 11 of United States Bankruptcy Act (11 U.S.C.A. § 29) a suit by the plaintiff is not now maintainable and that whatever right the said plaintiff may have with respect to his said claim, if any he may have, should be asserted in the Bankruptcy Court.

"Wherefore, premises considered, this intervener prays that the suit as being maintained by plaintiff be abated and the same be dismissed from the docket of this court at cost of plaintiff."

Upon the pleadings of the parties and the agreement made by the parties before the court, the court entered the following:

"On this 18th day of January, 1934, came on to be heard the plea in abatement of H. L. Fortinberry, Trustee in Bankruptcy of the Estate of Seth S. Lamb, debtor, intervenor in this cause; also came on to be heard the plea in abatement of Seth S. Lamb, intervenor in this cause; and came on also to be heard the general demurrer of the defendant, South Texas Commercial National Bank; whereupon it was made known to the court that intervenors and defendant and the plaintiff in this cause had agreed upon the following facts, to-wit:

"That intervenor Seth S. Lamb on April 24, 1933, filed his petition in the District Court of the United States, Southern District of Texas, Houston Division, for composition and extension with his creditors, under section 74 of the Acts of Congress of March 3, 1933; that on April 24, 1933, the Honorable T. M. Kennerly, Judge of the District Court of the United States for the Southern District of Texas, entered an order among other things granting the intervenor Seth S. Lamb, who did business as Seth Lamb & Company, the right to file his schedule of assets and liabilities until May 24, 1933, and further ordered that the matter referred to in the petition of Seth S. Lamb be referred to W. Carter Grinstead, Referee in Bankruptcy for the Southern District of Texas, Houston Division, for administration under section 74 of the Bankruptcy Act as added by March 3, 1933; that on the 19th day of June, 1933, said W. Carter Grinstead, Referee in Bankruptcy, upon the application of Seth S. Lamb, debtor, for confirmation of his proposal of composition with his creditors and extension of time to pay his debts, entered an order in all things confirming the proposal as made by the petitioning debtor, Seth S. Lamb, and among other things appointed H. L. Fortinberry trustee of the estate of Seth S. Lamb, debtor, upon the said H. L. Fortinberry furnishing a bond in the sum of Fifteen Thousand (15,000) Dollars as fixed by the court. That thereafter the said H. L. Fortinberry as trustee, did furnish said bond, and the same was approved by the Referee on June 20, 1933. That said H. L. Fortinberry is now the duly acting and qualified trustee of the estate of Seth S. Lamb, debtor; that the estate of Seth S. Lamb, debtor, is being administered in the District Court of the United States for the Southern District of Texas, Houston Division, by and through W. Carter Grinstead, Referee in Bankruptcy. That on the ——— day of October, 1933, by an order duly made and entered by W. Carter Grinstead, Referee in Bankruptcy, in the matter, Seth S. Lamb, debtor, No. 1711 in Bankruptcy, intervenor H. L. Fortinberry, Trustee, was allowed, permitted and authorized to intervene in the above styled suit for the benefit of debtor's estate, and to take such action therein as is necessary in the above numbered and entitled cause. That thereafter intervenor, H. L. Fortin-

berry, Trustee of the Estate of Seth S. Lamb, debtor, did intervene in this cause; that the claim of L. G. Riddell here sued upon was listed in the schedule of debts owing by the said Seth S. Lamb, and filed in the United States District Court for the Southern District of Texas, and that the said L. G. Riddell has not filed any claim for said indebtedness against Seth S. Lamb in the United States District Court for the Southern District of Texas, or otherwise submitted himself to the jurisdiction of the United States District Court.

"The court after hearing and considering the pleas in abatement filed in this cause by H. L. Fortinberry, trustee, aforesaid, and Seth S. Lamb, and the general demurrer of the defendant South Texas Commercial National Bank, and after hearing argument of counsel on both sides thereon, and after considering the agreement as to the facts above stipulated, is of the opinion that the pleas in abatement of said H. L. Fortinberry, trustee, aforesaid, and Seth S. Lamb, and the general demurrer of said South Texas Commercial National Bank, should be each and all sustained, and the same are hereby in all things sustained, to which the plaintiff in open court excepted to the rulings of this court and gave notice of appeal from such rulings to the Court of Civil Appeals, First Supreme Judicial District, at Galveston, Texas. All costs in this behalf are hereby adjudged against the plaintiff."

Plaintiff Riddell has appealed.

For cause for reversal of the judgment, appellant contends that the trial court erred in sustaining the general demurrer of the defendant bank, in that the check drawn by Seth Lamb & Co. on the bank, payable to appellant, operated as an equitable assignment of so much of the funds in the bank held in the deposit account of Seth Lamb & Co. as is sufficient to pay said check, insisting that the bank had been informed that such check has been drawn and delivered to appellant.

Appellant also contends that the court erred in sustaining the pleas in abatement of both intervener, H. L. Fortinberry, trustee, and Seth S. Lamb, in that neither of said parties had any interest in the litigation that could be affected by the outcome of the suit.

■ We overrule all of such contentions. As we have already shown, the allegations of the plaintiff, in his petition and the record as a whole, show that the check sued on was executed and delivered to appellant immediately after the sale of the stock, referred to in appellant's petition, on March 3, 1933, and that same was not presented to appellee bank for payment until April 25, 1933, about two months after it was delivered to appellant, and not until the day after Seth S. Lamb had filed his petition in bankruptcy in the United States District Court, which resulted in Lamb being adjudicated a bankrupt. We therefore conclude that the trial court could have rendered no judgment other than one sustaining the general demurrer filed by appellee bank, and the pleas in abatement filed by appellees, Trustee Fortinberry and Seth S. Lamb. Sections 23, 67, 70, of the Bankruptcy Act (11 U.S.C.A. §§ 46, 107, 110); Acme Harvester Co. v. Beekman Lumber Co., 222 U.S. 300, 32 S. Ct. 96, 99, 56 L.Ed. 208; Tidewater Plumbing Supply Co. v. Schimmel (C.C.A.) 296 F. 459, 461; Remington on Bankruptcy (3d Edition) Vol. 4, §§ 1377, 1380, 1387. Same work (3rd Ed.) Vol. 3, § 1178.

In Acme Harvester Co. v. Beekman Lumber Co., supra, it is said:

"Whatever may be the limitations of the doctrine declared by this court, speaking by the late Chief Justice Fuller in Mueller v. Nugent [Ky. 1902] 184 U.S. 1, 14, 22 S. Ct. 269, 46 L.Ed. 405, 411, where it is said:

"'It is as true of the present law (1898 * * *) as it was of that of 1867, * * * that the filing of the petition is a caveat to all the world, and, in effect, an attachment and injunction. International Bank v. Sherman, [Ill. 1879] 101 U.S. 403, 25 L. Ed. 866; and on adjudication, title to the bankrupt's property became vested in the trustee (§§ 70, 21e [11 U.S.C.A. §§ 44(e), 110]), with actual or constructive possession.'"

In the Tidewater Case, supra, it is said: "The adjudication of the bankrupt, operated to bring the property of the bankrupt wherever situated into and under the jurisdiction and control of the bankruptcy court in the proceedings thus instituted, and upon the filing of such petition the property was in effect in custodia legis, and therefore subsequent liens could not be given or obtained, nor could a valid payment or disposition of the bankrupt's estate be made."

■ The contention of appellant that neither Fortinberry, trustee, nor Seth Lamb, the bankrupt, had any interest in the litigation which could be affected by this suit, is, we think, untenable. It appears from the record that on the 19th day of June,

1933, Carter Grinstead, referee in bankruptcy, upon the application of Seth Lamb, the bankrupt, for confirmation of his proposal of composition with his creditors and extension of time to pay his debts, entered an order in all things confirming this proposal as made by the petitioning debtor, Lamb, and among other things appointed Fortinberry trustee of the debtor's estate, who was required to and who did give bond in the sum of $15,000 as such trustee. It is therefore apparent that both of said parties had such interest in said estate as might be affected by this litigation. It was the bounden duty of the trustee to take possession of all the property belonging to said estate and hold it subject to the orders of the United States District Court, and it was to the interest of Seth Lamb to have all of said estate so held to await his effort to settle with his creditors.

Having reached the conclusions above expressed, we overrule all of appellant's contentions and affirm the judgment of the trial court.

Affirmed.