[Civ. No. 6926.   Fourth Dist.   Mar. 29, 1963.]

LEE HUNYDEE, Plaintiff and Appellant, v. BERT STRAND, as County Sheriff, etc., et al., Defendants and Respondents.

686

David Horn for Plaintiff and Appellant.

Henry A. Dietz and Bertram McLees, Jr., County Counsel, Duane J. Carnes and Russell W. Walker, Deputy County Counsel, for Defendants and Respondents.

BROWN (Gerald), J.—Plaintiff has appealed from a summary judgment favoring defendants and from a judgment denying plaintiff's motion for summary judgment.

The facts are undisputed. On September 15, 1960, a petition was filed in the bankruptcy court by creditors of Lakeside Lumber Co., Inc. to have Lakeside declared a bankrupt. Written notice of the bankruptcy proceedings was received by the sheriff on September 19, 1960.

On September 21, 1960, appellant obtained a default money judgment against Lakeside and forthwith delivered a writ of execution to the sheriff with instructions to levy execution on the property of Lakeside.

The sheriff informed appellant's attorney on September 22, 1960, that he believed the filing of the petition in bankruptcy prevented him from paying any monies to the appellant's attorney. Appellant's attorney responded on September 23, 1960, with a demand for all monies held or to be obtained in the future by the sheriff under the writ of execution.

On October 9, 1960, the sheriff received an order from the bankruptcy court restraining all creditors from filing or proceeding with any court action or attachments against Lakeside. Appellant's attorney wrote the sheriff October 10, 1960, demanding all funds obtained under the writ of execution, pointing out that the restraining order was directed to Lakeside's creditors and not to the sheriff. On October 14, 1960,

the sheriff received an order from the bankruptcy court to deliver to the receiver in the bankruptcy court action all monies which the sheriff had obtained in levies upon the property of Lakeside; the sheriff advised appellant's attorney by letter of October 18, 1960, that he intended to comply with this order unless appellant's attorney supplied good cause for not doing so; appellant's attorney responded stating that before the order of the bankruptcy court requiring the sheriff to pay all funds to the receiver, the sheriff should have delivered possession of the funds to the appellant or his attorney, pursuant to the three demands which appellant's attorney had made upon the sheriff. Appellant's attorney, however, conceded that in view of the bankruptcy court's order the sheriff had no alternative but to deliver the funds to the receiver. Lakeside was adjudicated a bankrupt on October 20, 1960.

The defendant sheriff had accumulated, between the dates of September 21, 1960, and October 14, 1960, a total of $7,115.34 under the writ of execution. This sum was delivered by the sheriff to the receiver in bankruptcy for Lakeside and on November 14, 1960, the sheriff returned the writ of execution to the appellant wholly unsatisfied.

The appellant then brought suit against the sheriff and the head of the civil division of his office claiming that they had refused to pay over to appellant the sum of $7,115.34, and that appellant was entitled to this sum under one cause of action based upon conversion, and the same sum under another cause of action, plus 25 per cent penalty and 10 per cent interest per month pursuant to Government Code section 26680.

The issue raised by appellant is whether the sheriff had a legal duty to pay the sums collected by him to appellant under a writ of execution which was issued on a judgment obtained *after* a petition in bankruptcy had been filed against the judgment debtor, but before the bankruptcy court ordered the monies turned over to the receiver in bankruptcy. Both the sheriff and the appellant judgment creditor had knowledge of the bankruptcy petition.

Section 70(a) of the Bankruptcy Act provides that the title to the property of the bankrupt is vested in the trustee in bankruptcy as of the date of the filing of the petition, except for certain exempt property with which we are not herein concerned. This legal transfer operates automatically. (*Matter of Franklin Garden Apartments, Inc.,* 38 F. Supp.

688

377, 380.) ▮▮ As of the date of the filing of the petition the bankrupt is incapable of being considered the owner of the property; the trustee takes absolute title which carries with it the right of possession. (Collier's Bankruptcy Manual (1962) § 70, p. 928; § 70.31, p. 991; 3 Remington on Bankruptcy, § 1177, p. 6; § 1372, p. 249; § 1373, p. 250; § 1374, p. 252.)

In the instant case the petition in bankruptcy was filed September 15, 1960. At that time the title to Lakeside's property vested automatically in the trustee in bankruptcy. The act of the defendant sheriff in obtaining monies under the writ of execution issued September 21, 1960, was totally ineffective in giving the appellant judgment creditor any rights to said sums.

▮▮ Appellant contends that an affirmative act on the part of the bankruptcy court was necessary for it to obtain jurisdiction over the monies acquired by the sheriff under the writ of execution, citing section 67(a) of the Bankruptcy Act, and cases interpreting this section to the effect that preference for liens obtained by legal proceedings within four months before a petition in bankruptcy is filed must be avoided by the bankruptcy court and are not automatically void. These authorities assume there was a preference and that the judgment creditor obtained funds before the bankruptcy petition was filed. In this case we are not concerned with a preference obtained by a judgment creditor, in this instance the appellant, before the petition in bankruptcy was filed.

It is stated in 3 Remington on Bankruptcy, section 1396 at page 292: "While Sec. 67(a) of the Bankruptcy Act avoids only liens obtained by legal proceedings within 4 months *before* filing of the bankruptcy petition, such liens, by attachment, levy of execution, or the like, cannot be obtained against property of the bankrupt *after* the petition is filed because they would interfere with property in the possession and control of the bankruptcy court." (See *People's Homestead Assn.* v. *Bartlette,* 33 F.2d 561 and *Tidewater Plumbing Supply Co.* v. *Schimmel,* 296 F. 459.)

In view of the authorities enumerated above the title to the property of Lakeside became vested in the trustee in bankruptcy September 15, 1960. Up to that date the appellant had received no property interest in Lakeside and therefore had obtained no preference which was void or could be declared voidable. ▮▮ The appellant received his default

judgment against Lakeside six days later, at which time the title to Lakeside's property was already vested in the trustee, and there were no funds of Lakeside which the defendant sheriff could receive for the benefit of appellant or any other creditor. This being true the sheriff had no legal duty to pay the sums collected by him to the appellant under the writ of execution.

Judgment affirmed.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied April 16, 1963, and appellant's petition for a hearing by the Supreme Court was denied May 22, 1963.