N. O. Ins. Co.
*v*
Tio.

</div>

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

### Julia D. Stillman *v.* J. J. Bryant.

Unless the tender is made in the form required by law, the plaintiff will not be liable, under the Act of 1839, for the costs of the provisional seizure issued before the maturity of the installments of rent.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.

*A. G. Semmes*, for plaintiff. *George L. Bright*, for defendant and appellant.

MERRICK, C. J. This suit was commenced by provisional seizure to secure rent not yet due, on the ground of the removal of the furniture in the leased premises.

We think the District Judge fell into an error in allowing the plaintiff twenty-five dollars rent per month for the room on the back gallery. She willfully prevented defendant from the use of the water from the water pipes, which was necessary to the use of the bath, &c., and he was justified in tendering her the key.

It is true, the Act of 1839, requires the plaintiff to pay the cost of the provisional seizure issued before the maturity of the installments of rent, if the defendant pays the rent as it falls due. But the tender in this case does not appear to have been made in the form required by law, and it was not accepted in the form made.

The payments, as shown by the receipts, amounts to $700, which leaves $600 only due the plaintiff.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed ; and we do now order, adjudge and decree, that the plaintiff recover of the defendant, the sum of six hundred dollars, with five per cent. interest thereon, (by equation,) from the first day of September, 1858, until paid, and costs of the lower court ; the plaintiff paying the costs of the appeal.