McStea & Value v. Warren & Crawford.

## No. 3127.

## McStea & Value *v.* Warren & Crawford.

26 453
e108 132

The defendants, successors of Warren, Gilmore & Co., and agents of J. & F. Roberts, who are the drawers of a certain draft, accepted for accommodation by Warren, Gilmore & Co., offered to plaintiffs, indorsees thereof, to pay them within the time agreed upon, a certain stipulated amount for the extinguishment of the draft, which plaintiffs refused to take. No real tender or deposit was made.

The defendants, as the agents of J. & F. Roberts, had a right to tender performance of the contract for said Roberts, and plaintiffs were bound to receive the money in discharge of the contract. The plaintiffs' peremptory refusal dispensed with the actual production of the money or the presence of witnesses as required by art. 407 of the Code of Practice, as no one is required to do a vain thing.

Interest, therefore, could be allowed only from judicial demand.

APPEAL from the Seventh District Court, parish of Orleans. *Collens*, J. *Elmore & King*, for plaintiffs and appellees. *T. S. McCay* and *John M. Cooney*, for defendants and appellants. *Race, Foster & Merrick*, for succession of Crawford.

LUDELING, C. J. The plaintiffs are indorsees of a draft for $939 68 drawn on the twentieth of March, 1862, by J. & F. Roberts of Mississippi, on their factors, Warren, Gilmore & Co., who accepted the draft. It was an accommodation acceptance. In May, 1866, the drawer paid $400 on the draft. On or about the day this partial payment was made, the plaintiffs agreed to take six hundred dollars for the balance of the note, provided that sum were paid on or before the first of January, 1870. The defendants, successors of Warren, Gilmore & Co., and agents of J. & F. Roberts, offered to pay the plaintiffs the amount stated within the time agreed upon—which they refused to take—no real tender or deposit was made.

Warren & Crawford, as agents of J. & F. Roberts, had a right to tender performance of the contract for the Roberts, and McStea & Value were bound to receive the money in discharge of the contract of J. & F. Roberts. 14 La. 214; 3 La. 385.

This offer to discharge the obligation of the Messrs. Roberts, by the payment of $600, was peremptorily refused by the plaintiffs, and this refusal dispensed with the actual production of the money, in the presence of witnesses, as required by art. 407 of the Code of Practice, as no one is required to do a vain thing. 2 Pars. notes and bills, p. 623.

Interest, therefore, should have been allowed only from judicial demand. C. P. 415.

The evidence shows that the amount agreed to be taken in satisfaction of the note was six hundred dollars ; there is an error of fifty dollars therefore in the judgment.

It is therefore ordered and adjudged, that the judgment of the lower court be amended by reducing the amount thereof to six hundred dollars and by allowing interest only from judicial demand.

It is further ordered that the appellees pay costs of appeal.

WYLY, J., *dissenting.*  This is a suit on a draft for $939 68, the defendants being the acceptors thereof.  The plaintiffs can only recover $600, because it is proved that in May, 1866, when they received $400 on this claim from the drawers, they agreed to accept $600 more on first of January, 1867, in full discharge of the debt, and in due time the defendants, the acceptors, offered to pay the amount.  The main controversy is, as to the time interest should be allowed, the plaintiffs claiming it from first of January, 1867, the defendants contending they should pay it only from judicial demand, to wit: second of July 1870.

This depends upon the question whether when the defendants offered to comply with the contract, they made a real tender of the six hundred dollars actually due to the plaintiffs.

Article 2167 of the Revised Code provides that " when the creditor refuses to receive his payment, the debtor may make him a real tender."   *   *   *   And article 2169 says the mode in which a tender must be made is pointed out in the Code of Practice.

Looking to the Code of Practice under the head of real tender, we find article 407, which provides that " when the tender is for money due, it must be made to the creditor himself or at his usual or chosen domicile, by the debtor or by his agent, in the presense of two witnesses residing in the place, by tendering to such creditor the sum which is due to him, with the interest and such costs as he may have incurred, and exhibiting such sum to him in the presence of such witnesses, in the current money of the United States."   And by article 415 it is provided that when such tender is proved at the trial, the plaintiff must pay the costs and can only recover the sum tendered, without interest.

In order to deprive the plaintiff of the interest under article 415, C. P., it devolved upon the defendants to comply strictly with the requirements of article 407, in regard to the mode of making a real tender.

The defendants, who made no tender conformably to article 407, C. P., can not be heard to claim of the plaintiffs the penalty prescribed by article 415 for refusing to accept the real tender.

It is not pretended that the defendants tendered to the plaintiffs the sum due to them and exhibited currency of the United States for the amount thereof in the presence of two witnesses.

They simply offered their check for the amount.  The defendants, however, contend that as the plaintiffs said they would not accept payment of the debt from them, a tender was not necessary, and therefore, the penalty prescribed by article 415 must be imposed.  I do not so understand the law.  Article 415 requires proof that "the defendant has made a real tender, in the form above prescribed of the sum due,"

\* \* \* and if such is proved, the plaintiff can only recover the amount tendered without interest. This article is penal in its character and the party seeking its benefit must comply strictly with the requirements of article 407. The articles referred to modify the general doctrine on the subject of tender, and therefore the authorities cited from the commercial law are not applicable.

In Bacon et al. vs. Smith et al., 2 An. 442, it was held that the mere announcement of the maker of a note of his readiness to pay, is not a legal tender and can not stop interest. In Mudd vs. Stille's heirs, 6 La. 17, it is held that a real tender can not be made so as to stop interest, unless the legal formalities are strictly pursued. In the case at bar the formalities required by article 407 C. P., were not complied with—there was no real tender, and the penalty announced in article 415 C. P., ought not to be imposed. I therefore feel constrained to dissent in this case.