Ackerman vs. McShane.

---

43 507
113 205

{No. 10,763.

CATHERINE V. ACKERMAN VS. A. J. MCSHANE.

Money received under a compromise can not be retained and at the same time the contract be annulled.

Tender or deposit of the same is an essential allegation.

As long as the plaintiff retains the consideration and does not deposit the amoun received he is estopped.

APPEAL from the Civil District Court, Parish of Orleans. Monroe, J.

---

J. M. Pratt for Plaintiff and Appellant.

*P. L. Fourchy* for Defendant and Appellee.

The opinion of the court was delivered by

BREAUX, J.   The plaintiff was placed in possession of the succession of Harry F. Hall as universal legatee.

The defendant was the surviving partner of the firm of Harry F. Hall & Co.

In order to finally settle the affairs of the partnership the plaintiff and defendant, on the 10th day of October, 1890, entered into a compromise in which plaintiff received $20,000 in cash, in full satisfaction and settlement of all interest of the testator Hall in the partnership of H. F. Hall & Co., and she relieved the defendant from all further liability, and authorized him to continue on his account with the business of the late firm.

A short time after this compromise had been consummated plaintiff brought the present suit for an additional amount of $9000.

The petitioner sets forth that the surviving partner made untrue statements of the condition of the partnership; that he charged amounts which were not due, and committed frauds to enable him to buy her interest, which he bought for $20,000 although worth $29,000.

The plaintiff does not allege that she made a tender of the amount received by her as one of the parties to the compromise.   She prays to recover the sum of $9000 as a balance due her in excess of the amount paid in accordance with the terms of the compromise.

If the prayer were granted, the compromise alleged to be null on account of fraud would be given effect to, in so far as relates to the amount received by the plaintiff.

"By fraud or dole a contract perishes."

The fraud denounced can not be limited and a part selected of the contract to enure to plaintiff's benefit.

She alleged fraud, if proven, it can not be cured.

The parties must be placed in the position in which they were before it was entered into.

Instead, it is proposed to supplement the amount received to a sum equal to the alleged value of the property.

The defrauded party, if defrauded, can not be restored to his original rights in the manner proposed.   Good pleading and regularity, which should characterize legal proceedings, require that in

suits of this nature the party shall resort to an action in rescission, and that the amount received shall be tendered or deposited. In all such actions the parties seeking relief must first offer to restore his adversary to the situation he was in before the contract.

As long as the plaintiff retains the consideration and does not offer to return the amount received, he is estopped. Byrne vs. Hibernia National Bank, 31 An. 81.

To annul the contract and recover $9000 is the purpose of the suit. If the contract be annulled the defendant would be without title to the property, and if judgment be rendered for the $9000 he would add that amount to the $20,000 already paid on a contract alleged to be null.

Another compromise would be substituted to the old, not sustained by practice and law.

There are exceptions to the rule requiring tender, such as, for instance, when a liquidation is necessary to ascertain the respective rights of the parties.

In the case at bar the issues are well defined and the amounts fixed. It, therefore, does not come within the exceptions.

The exception of no cause of action was properly maintained.

Judgment affirmed.