## PICHELOUP v. GIBBONS

(November 26, 1928. Opinion and Decree.)

Terriberry, Young, Rault & Carroll, of New Orleans, attorneys for plaintiffs and appellants.

J. K. D'Avricourt, of New Orleans, attorney for defendant and appellee.

JANVIER, Judge ad hoc. Defendant is a dentist, practicing in New Orleans. While treating Mrs. Tricon, one of the plaintiffs; in pulling out his extension cabinet to a position over the chair in which Mrs. Tricon was sitting, he spilled a small quantity of carbolic acid on his patient. He righted the vial which contained the acid, but in an effort to assist her he again upset the vial and spilled the remaining contents on her dress, on the backs of her hands and on her left thigh.

Mrs. Tricon sues for $25.00, the value of a dress which was ruined, and $1,000.00 for her pain and suffering.

Her husband, the other plaintiff, sues for $14.00, the amount paid to a physician for treating his wife's acid burns.

The case was tried before a jury which, strangely enough, returned a verdict for $39.00, "in favor of plaintiff and against defendant." The trial judge rendered judgment accordingly. Plaintiffs complain that there should have been two judgments— one in favor of the husband for the amount paid to the attending physician, and one for $1,025.00, in favor of the wife, for her pain and suffering, and for the value of her dress.

There can be no doubt of the liability of the defendant for such losses and injuries as were sustained. It is true that a number of experts testified that carbolic acid is customarily used and handled in vials such as that involved in this matter, but this will not excuse the defendant. The damage occurred not because of the kind of vial used, but because of the carelessness of the defendant in his manner of handling so dangerous an acid.

It is said that the defendant was not grossly careless and that he handled the acid as an ordinarily prudent man would handle it. We do not think so, nor do we think it would excuse him to show that he had handled it as an ordinarily prudent man would have, because he was required to do more than this. Ordinary care will not suffice in such a case. As a dentist constantly using carbolic acid, he knew the danger of burns resulting therefrom, and it was his duty to be extraordinarily careful in handling it.

The husband as head and master of the community, is entitled to recover such amounts as would compensate the community for the losses sustained by it. Among these losses is the cost of medical attention, which amounted to $14.00.

It seems, therefore, that the husband is entitled to a judgment for the $14.00 expended for medical attention.

We are at a loss to understand how the jury and how the trial judge failed to allow to Mrs Tricon compensation for her mental anguish and physical suffering and other similar items. It appears that the backs of both of her hands were badly burned and that a surface about four or six inches square was badly burned on her left thigh. She was treated by Dr. Phillips, her physician, who applied bandages on four different days. She seems to have been confined to her bed for five days, and, for a considerable time after that was more or less incapacitated.

Taking into consideration all of the evidence with reference to her suffering and incapacity, we believe full justice will be done by allowing her for this the sum of $200.00.

As to the amount claimed by Mrs. Picheloup, as the value of the dress which was

ruined, it is our opinion that she is entitled to this. She alleges in her petition that she was the owner of the dress, and in the absence of denial by the defendant we will assume that the dress belonged to her separately and formed no part of the community.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended, and that there now be judgment in favor of plaintiff, Oliver Julian Tricon, in the sum of fourteen dollars ($14.00), and in favor of the plaintiff, Mrs. Viola Picheloup, wife of Oliver Julian Tricon, in the sum of two hundred twenty-five dollars ($225.00), all costs to be paid by defendant and appellee.