**W. K. NECKWEAR CO. v. RABINOWITZ**

———

(March 23, 1931. Opinion and Decree.)

———

94

Montgomery & Montgomery, of New Orleans, attorneys for plaintiff, appellee.

Sol Weiss, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff sued the defendant for the sum of $220, with legal interest from November 15, 1917, until paid, covering certain merchandise furnished to the defendant. Defendant denied liability for the full amount on the ground that some of the merchandise was not of the quality ordered, but admitted liability for $63.31, the value of the merchandise retained, and averred that this amount had been tendered to the defendant in the form of a check on January 8, 1918. There was judgment in favor of the plaintiff for $63.31, with legal interest from November 15, 1917, until paid, and for costs. The defendant appealed.

The sole issue in the case is whether or not the allowance of interest and costs by the court below is correct.

The record shows that interest was due on the amount of $63.31 from November 15, 1917, until it was paid. The check for the amount found to be due was dated January 8, 1918, but does not include interest that was due for the short period of about 23 days. The defendant did not make any formal tender of the $63.31 in cash, and it was not deposited in the registry of the court at the time the answer was filed, or thereafter, subject to the orders of the court.

The defendant seeks to have us disallow the items of interest and costs on the theory that, having tendered a check for the amount which the court found to be due, to have tendered the cash or to have placed it in the registry of the court would have been doing a vain thing, because of the plaintiff's peremptory refusal to accept the check, citing McStea & Value v. Warren & Crawford, 26 La. Ann. 453; Alter v. Shepherd et al., 27 La. Ann. 210; Zimmerman v. Langles, 36 La. Ann. 65; Frey v. Fitzpatrick-Cromwell Co., 108 La. 125, 32 So. 437; Central Hdwe. Co., Inc., v. Elliott, 3 La. App. 572.

We do not believe the cases cited to support this contention are in point, because the check did not include the interest which was due from November 15, 1917, to January 8, 1918. The tender of the check, therefore, is not sufficient to relieve the defendant of paying the interest due on the amount of $63.31 and the costs of court. Brodnax & Co. v. Steinhardt & Co., 48 La. Ann. 682, 19 So. 572; Marr v. Hyde, 8 Rob. 13; Frey v. Fitzpatrick-Cromwell Co., 108 La. 125, 32 So. 437; Thompson v. Edwards, 23 La. Ann. 183; Stillman v. Bryant, 15 La. Ann. 175.

For the reasons assigned the judgment appealed from is affirmed.