## HARRISON v. FIRST NAT. LIFE INS. CO.

### No. 16491.

Court of Appeal of Louisiana. Orleans.

Feb. 21, 1938.

Herman L. Midlo, of New Orleans, for appellant.

Normann & Bethea and Harold M. Rouchell, all of New Orleans, for appellee.

WESTERFIELD, Judge.

Nancy Pickens, wife of Samuel Harrison, brought this suit against the First National Life Insurance Company for $113.48, plus interest at the rate of 6 per cent. from July 4, 1935, until paid. She alleged that on June 4, 1934, her son, Samuel Harrison, Jr., obtained a policy of industrial life insurance in the sum of $250 from the Atlas Life Insurance Company of New Orleans and that thereafter the obligations of that company were assumed by the First National Life Insurance Company; that her son was drowned on July 4, 1935, at which time the policy was in full effect; that on July 17, 1935, the First National Life Insurance Company paid to her the sum of $136.52, of which $125 was in cash and $11.52 applied to premiums on other policies which she had with the defendant company; she asked judgment for the balance or $113.48. To this petition the defendant filed a plea of estoppel, res adjudicata, an exception of no right or cause of action, and, in the alternative, an excep-

tion of vagueness. All of these pleas were incorporated in one document and, with the exception of the exception of vagueness, were based upon the averment that the sum of $137.50 ($136.52 according to plaintiff) was the consideration paid plaintiff by way of compromise of her claim and that, therefore, she is estopped to claim any further sum because the compromise has the effect of res adjudicata until set aside and that in an action to set it aside on the ground of fraud a petition which fails to allege that the amount received as a result of the compromise had been returned, or tendered, to the defendant, discloses no cause of action. There was attached to this document what purported to be a photostatic copy of the compromise agreement.

The plaintiff then filed what her counsel styled an "Answer to Pleas of Estoppel, Res Adjudicata and Exceptions," in which it is alleged that she was deceived by the agent of the defendant company into believing that she was getting all that was due her under the policy and that she did not intend to compromise her claim or to sign the release, which was obtained by defendant's agent because of her ignorance and illiteracy and by reason of the deception. A supplemental and amended petition was also filed by plaintiff in which the allegations of the original petition were reiterated and the further allegation made that due to her distress and her mental state caused by the death of her son, she believed she was receiving $250 from defendant's agent when, as a matter of fact, she only received $136.52 and that she had made a tender of $125 to the defendant which was refused. To this supplemental petition an answer was filed by defendant under the caption "Exceptions" in which, without mentioning the alleged tender of $125, it was averred that the plaintiff had not made a tender to it of $137.50, the amount received by her as consideration of the alleged compromise agreement and that no fraud had been practiced upon plaintiff, therefore, the plea of estoppel and the plea of res adjudicata and the exceptions of no right or cause of action should be maintained.

The plaintiff then filed a second supplemental petition in which she reiterated the allegations of the original and first supplemental petition and averred that on March 12, 1936, she tendered $12.50 to the defendant through its attorney and that it was

refused. To this petition "Other Exceptions" were filed by defendant in which it was again averred that the $137.50 alleged to have been paid plaintiff in compromise had not been tendered, and that until such sum was returned or tendered that plaintiff was estopped from attacking the validity of the compromise. The averment that no fraud was practiced upon plaintiff and no false representations made was repeated.

With the record in this confused state the court maintained the exception of no cause or right of action and ordered the plaintiff's suit dismissed at her cost, from which judgment she has appealed. The defendant answered the appeal averring that "the trial court erred in not sustaining the exception of estoppel filed herein by the defendant" and that, therefore, the judgment appealed from should be amended and the exception of estoppel "as well as its exceptions of no right or cause of action" be maintained.

There was then filed in this court a document styled "Stipulation as to Facts," wherein it was agreed between counsel that "the plaintiff personally signed the alleged compromise agreement * * *" and "the Court of Appeal for the Parish of Orleans shall have the right to consider the above admission in disposing of the said exceptions."

It is apparent from the foregoing that the pleadings filed in this case were quite unusual. The appeal, however, is from a judgment maintaining an exception of no cause or right of action. There can be no question of the plaintiff's right of action as beneficiary on a life insurance policy and were it not for the supplemental petitions and the agreement of counsel filed in this court, we would feel constrained to hold that since the exception of no cause of action was filed in limine, it could only be addressed to the original petition and be properly maintained only if the petition, without the aid of extraneous evidence, failed to disclose a cause of action either by reason of its omission of some essential allegations or because the law applicable to a full statement of facts would not permit recovery. Viewed in this light the exception should have been overruled because the original petition to which the exception of no cause of action was directed does state a cause of action by alleging that the defendant owed $250 and paid only a part of that sum. However, the supplemental and amended petitions and the admission of counsel plainly indicate that an effort was made by plaintiff to change the form of the original action into one attacking the validity of a compromise upon the ground of fraud. We have concluded to treat the case as presenting that issue.

In that aspect the sole question is whether under our law a plaintiff must first return the consideration received as a result of the compromise before suing to set it aside and, if so, has plaintiff made appropriate allegation to that effect in any one of her petitions.

In Ackerman v. McShane, 43 La.Ann. 507, 9 So. 483, the plaintiff as the universal legatee of Harry F. Hall, the deceased partner in a commercial copartnership, entered into a compromise agreement with the surviving partner, McShane, whereby she received $20,000 in cash in settlement of Hall's interest in the partnership. Shortly thereafter Ackerman brought suit against McShane alleging fraud and asking for $9,000 additional. The Supreme Court said:

"The plaintiff does not allege that she has made a tender of the amount received by her as one of the parties to the compromise. She prays to recover the sum of $9,000 as a balance due her in excess of the amount paid in accordance with the terms of the compromise.

"If the prayer were granted, the compromise alleged to be null on account of fraud would be given effect to, in so far as relates to the amount received by the plaintiff.

" 'By fraud or dole a contract perishes.'

"The fraud denounced cannot be limited, and a part selected of the contract to enure to plaintiff's benefit.

"She alleged fraud, if proven, it cannot be cured.

"The parties must be placed in the position in which they were before it was entered into.

"Instead, it is proposed to supplement the amount received by a sum equal to the alleged value of the property.

"The defrauded party, if defrauded, cannot be restored to his original rights in the manner proposed. Good pleading and regularity, which should characterize legal proceedings, require that in suits of this nature the party shall resort to an action in rescission, and that the amount received be

126

tendered or deposited. In all such actions the parties seeking relief must first offer to restore his adversary to the situation he was in before the contract.

"As long as the plaintiff retains the consideration, and does not offer to return the amount received, he is estopped. Byrne v. Hibernia National Bank, ·31 La.Ann. 81."

See, also, Johnson v. Shreveport Waterworks Co., 109 La. 268, 33 So. 309; Beck v. Continental Casualty Company, La.App., 145 So. 810; Sly v. New Orleans, T. & M. Ry. Co., La.App., 142 So. 276.

Counsel for plaintiff submits the following from 27 Corpus Juris, § 257, p. 103, "Where a creditor is induced by the fraudulent misrepresentation of his debtor to compromise, and sues to recover damages for fraud, retaining what he has received in the compromise, he is entitled to recover the balance of the amount he would have received had no fraud been committed, notwithstanding that by bringing the action he affirms the compromise," and cites Carver v. Kansas Fraternal Citizens, 103 Kan. 824, 176 P. 634; Dolnak v. Sons and Daughters of Justice, 105 Kan. 59, 181 P. 545; Great American Life Insurance Company v. Love, 169 Okl. 35, 35 P. 2d 948; Mathias v. State Farmers' Mutual Hail Insurance Company, 40 N.D. 240, 168 N.W. 664; Biddlecom v. General Accident Assurance Company, 167 Mo.App. 581, 152 S.W. 103–107.

These authorities appear to sustain his position, but whatever may be the law in other jurisdictions, it is well settled in Louisiana that before attacking a compromise upon the ground of fraud "the parties seeking relief must first offer to restore his adversary to the situation he was in before the contract." It is, therefore, essential that plaintiff should allege the return or tender of the consideration of the compromise. As we have heretofore stated, the original petition was based upon a different cause of action and did not attack the validity of a compromise settlement. The first supplemental petition alleges a tender of $125. The second supplemental petition, without any reference to the first tender, alleges that $12.50 had been offered to and refused by the defendant through its attorney, counsel apparently being under the impression that the two amounts alleged to have been tendered upon different occasions could be added so as to reach the sum of $137.50, but nowhere in the original, the first, or second supplemental petition is there an allegation that the actual amount received was tendered defendant at any time. The requirements of a legal tender were not complied with. See articles 2167, 2168, and 2169 of Revised Civil Code.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.