For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., and LAND, J., take no part.

FOURNET, J., concurs in the decree.

**SIMON v. HARRISON et al. (two cases).**

No. 2189.

Court of Appeal of Louisiana. First Circuit.

March 4, 1941.

McCoy & King, R. A. Anderson, and Pujo, Hardin & Porter, all of Lake Charles,

and St. Clair Adams & Son, of New Orleans, for appellants.

Fred C. Selby, of Lake Charles, for appellees.

LeBLANC, Judge.

These two consolidated suits grow out of an intersectional collision between two automobiles which took place at the intersection of Iris and Reid Streets in the City of Lake Charles at about 4:30 o'clock in the afternoon of October 17, 1938. The plaintiff in one suit is Mrs. Esther Simon who seeks to recover damages for personal injuries and other damages resulting therefrom in the total sum of $18,000. In the other suit the plaintiff is Herbert J. Simon, husband of Mrs. Esther Simon, who was driving the automobile and who also sustained personal injuries in the accident for which he seeks to recover damages in the sum of $2,750 and, in addition claims $171.-50 for doctors and medical bills incurred for both himself and his wife by reason of their injuries and also the sum of $50 for damages to the automobile itself, which belonged to his wife.

The defendant in both suits is Miss Doris Harrison who was driving the other car involved in the accident, which car is shown to have belonged to Miss Louise Fort, and the St. Paul Mercury Indemnity Company of St. Paul, Minn., the insurer of the said Miss Louise Fort or any one operating her car with her consent.

The Simon car which was a 1937 Chevrolet sedan was being driven east on Iris Street and the car which Miss Harrison was driving was a Plymouth coupe, going south on Reid Street. Plaintiffs allege that they had entered the intersection and were nearly across when the Plymouth coupe crashed into the left side of their car and knocked it into a telephone or electric light pole which was situated on the southeast corner of the intersection on the embankment between the street and the sidewalk. They charge the driver of the Plymouth coupe with negligence in (a) entering the intersection in utter disregard of the rights of others, (b) entering the same at an excessive rate of speed without having proper control of the car, (c) entering and striking the other car after it had pre-empted the intersection by entering it first, and (d) in failing to recognize the right of way of the other car which was coming into the intersection from the right, which right of way is accorded

under the law of this state and the ordinance of the City of Lake Charles.

As a result of the impact which threw her out of the car in which she was seated Mrs. Esther Simon suffered physical injuries which she alleges consist of a fracture of the left clavicle, fracture through wing of left scapula, extensive brush burns of the entire left side of her back and on the left arm, laceration of her right eye, of her right cheek and of her left ear and also laceration of scalp with some resulting injury to her right eye. For these injuries she seeks to recover the sum of $6,000 and for the physical and mental pain and suffering $4,000. She alleges further that she was by profession an acrobatic dancer and that she had an earning ability as such of $100 weekly. That since the accident she has not been able to follow her profession and that she may never be able to do so again. For the impairment of her ability in this respect she asks to recover the sum of $4,000. She also alleges that her injuries have left her with scars on her face, neck and back, which impair her beauty and which also will be a detriment to her in following her profession, for which she asks the sum of $2,000. Finally she claims to have suffered a condition of absentmindedness, or occasional loss of memory for which she also asks $2,000.

Herbert J. Simon, plaintiff in the other suit, claims to have been thrown by the impact against the steering wheel of the automobile and to have been jolted in a very severe manner. That the impact injured his right arm and shoulder from which he suffered for a period of two week and that also as a result of the collision he sustained a severe mental shock from which he still feels the effects. For the injuries to his arm and shoulder, mental pain and suffering resulting therefrom, he seeks to recover the sum of $2,000 and for the shock to his nervous system the sum of $750.

The defendants filed a joint answer in both suits in which they admitted that a collision occurred at the intersection mentioned, but denied any negligence on the part of Miss Harrison and also denied the existence of any present injuries, or to the extent of the injuries alleged by each of the plaintiffs. In the alternative the defendants plead in the event that any negligence is shown to have existed on the part of Miss Harrison, that the driver of the other car, Herbert J. Simon, was guilty of contributory negligence in (1) driving at an excessive speed in violation of the traffic ordinance of the City of Lake Charles, (2) in entering the intersection at an unlawful rate of speed in disregard of the rights of others already in the intersection, (3) in entering the intersection after Miss Harrison had already pre-empted the same, and (4) in not keeping a proper lookout and in not having the car he was driving under proper control. As a further alternative they plead that Mrs. Esther Simon was guilty of independent negligence in (1) riding in the car she was in at an excessive speed in violation of the ordinance of the City of Lake Charles, (2) in permitting the driver of that car to operate the same at an excessive speed in approaching the intersection, and (3) in failing to keep a proper lookout ahead and in not warning the driver in sufficient time to avert the accident.

After trial and submission in the court below there was judgment in favor of Mrs. Esther Simon in her suit for the sum of $5,500, of which amount $4,000 was allowed for physical pain and suffering, $1,000 for loss of earnings and $500 for permanent discoloration of her back. In the other suit, that of her husband, Herbert J. Simon, there was judgment in his favor for $715.75, of which amount. $500 was for physical pain and suffering, $50 for damages to the automobile and $168.75 for medical expenses. The defendants have appealed in both cases and plaintiff in each has answered the appeal asking for an amendment in the judgment by increasing the amount of the award in each.

The trial judge filed a written opinion for the record in which he outlined his findings of fact and after a careful consideration of the testimony and the physical facts, we think that he has correctly concluded that the defendant Miss Harrison was at fault, and that she and the insurer of the car she was driving are liable in damages to the plaintiffs.

The preponderance of the testimony shows, in our opinion, that the plaintiff Herbert J. Simon was driving at a rather moderate rate of speed, not in excess of 25 miles an hour, and that his car occupied the right-hand side of the street as he approached the intersection. It also discloses that his automobile was considerably beyond the center of the intersection at the time it was struck. The testimony as well as the physical facts, on the other hand, show that Miss Harrison was driving at a rather rapid rate of speed and that she seemed to have given no heed at all to the fact that the other

automobile had entered the intersection first and moreover that under the law and the city ordinance, it enjoyed an advantage in the right of way, inasmuch as it approached the intersection from her right. It is urged that the testimony of the witnesses relating to the speed of the two vehicles is conflicting and we may say that to a certain extent it is. However, the district judge seems to have attached more importance to the testimony of certain of the witnesses who testified in favor of the plaintiffs and we think that he was justified in doing so. The physical facts, as found by him, tend to corroborate their testimony rather than that of the witnesses who testified for the defendants.

The evidence shows, as found by the trial judge, that the Plymouth coupe which Miss Harrison was driving struck the Chevrolet sedan so forcibly that it was knocked from the pavement and through the air until it struck a telephone or electric light pole on the southeast corner of the intersection with such violence as to leave the imprint of the pole clearly visible on the body of the car. The skid marks on the pavement show that the Chevrolet was knocked side-ways in a southeasterly direction and the impression of the blow or impact on it is indicated, according to the photographs filed in the record, as being just beyond the center, or near the point where the fender joins the running board, on the left-hand side.

■ The defendants stress that charge of contributory negligence with regard to the violation of the speed ordinance of the City of Lake Charles by the driver of the Simon car. A copy of the ordinance was introduced in evidence in an effort to support the charge. A reading of the ordinance discloses that the speed limit in residential sections of the city, such as the one here involved, is 20 miles an hour and further that the driver of any vehicle travelling at an unlawful speed forfeits any right of way which he may otherwise have under the ordinance. The violation of the traffic ordinance might well have availed the defendants in their defense or in support of their plea of contributory negligence against the driver of the Simon car, had such violation been the procuring and the proximate cause of the accident. But such is not the case. As found by the trial judge, and as concurred in by us, the driver of that car under the ordinance. At that rate of speed, was not exceeding 25 miles per hour which after all was very close to the limit as fixed

he had almost as equal control over the movement of the car as he would have had, had he been driving at the maximum of 20 miles as fixed thereunder. We do not think therefore that the rate of speed at which he was driving had anything to do with the manner in which the accident happened, the collision having taken place when he was well past the center of the intersection and the physical facts showing so clearly that the other car must have been travelling at a rapid rate of speed. Neither do we think that it has otherwise been shown that the driver of the Simon car was guilty of contributory negligence in any manner and as he wasn't, it follows that Mrs. Esther Simon who was seated next to him in the car had no reason to apprehend any fear or danger from the manner of his driving and she neither can be held guilty of contributory negligence.

On the question of liability of these defendants therefore, we find ourselves in accord with the findings of fact as made by the trial judge and it remains for us now to discuss the quantum of damages in each case.

■ Mrs. Esther Simon no doubt sustained very painful injuries, though not as severe as she would have the Court to understand they were. She undoubtedly also must have suffered a good bit of shock as the testimony shows that she was thrown from the automobile as the car itself was being hurled in the air and up against the telephone or light post. Her most severe injuries consist of a fracture of the clavicle, commonly known as the collar bone, extensive brush burns and skin injuries to her back and left arm and rather severe lacerations over the right eye, the right cheek and the left ear. The laceration of the ear made the use of plastic surgery necessary after it had been sutured. From the manner in which the brush burns on her back are described, they must have been very painful. Fortunately, she has recovered from all of her injuries save two brown discolorations on the left side of her back. These discolorations are in the form of a pigmentation, causing skin spots or blotches large enough to be discernible from a distance of about 30 feet. She was confined to the hospital for four days and to her bed and home thereafter for several weeks.

The evidence bears out that Mrs. Simon was a professional dancer specializing in acrobatic dances, and the preponderance of the medical testimony is to the effect that

at the time of the trial of the case, at least, she was handicapped in performing such dances by reason of the injury to her shoulder. She has had considerable experience in her profession but we do not think that she has shown her earnings to be anything like what she alleged in her petition. For her injuries, physical and mental pain and suffering, the district judge allowed her, as already stated, the sum of $4,000 which, we are inclined to believe, is a bit excessive. In the case of Yeatman v. Lanz, 195 So. 133, this Court reduced an award of $4,000 in favor of a young lady whose injuries appear to have been quite more severe than those sustained by the plaintiff in this case, to the sum of $3,500 and if the decision in that case is to serve us as a guide, certainly the award in the present case should be reduced to the sum of $3,000. In view of the fact that in her performances as a professional dancer plaintiff has to wear costumes in which her back is exposed, we believe that the award of $500 made by the trial judge for the discoloring skin spots is justified and we are not inclined to disturb it.

█ The district judge also made an award of $1,000, as we have shown, for loss of earnings. It is to be noted that Mrs. Simon did not make a demand exactly in that form although she did ask for $4,000 for impairment of her ability to follow her profession. Assuming that that is the demand the district judge had in mind when making the award for $1,000, we do not think that it is properly allowed for the reason that any earnings produced by Mrs. Simon from her professional ability necessarily fell into the community of acquets and gains which existed between her and her husband, C.C. Art. 2402, and any loss sustained therefrom would be a loss recoverable by the community which would have to be demanded by the husband as head and master of the community. Picheloup v. Gibbons, 9 La.App. 380, 120 So. 504. We find ourselves unable therefore to agree with the award as made by the trial judge on this item, and will have to reject the demand.

█ The injuries sustained by Mr. Simon were far from being as severe as claimed by him. He suffered some painful injury to his arm but it is noted that it wasn't necessary for him to return to the doctor after his first visit following the accident. He is left with no ill effects whatsoever. We believe that an award of $300 would amply compensate him for the suffering, both physical and mental, incidental to such injury as he did sustain and consequently the award made to him will have to be reduced by the sum of $200.

A separate decree will be entered in each case, and it is for the reasons stated, now ordered that in the case of Mrs. Esther Simon, the judgment appealed from be amended by reducing the total amount of the award from the sum of $5,500 to the sum of $3,500, and that as thus amended it be affirmed, all costs in the lower court to be borne by the defendants-appellants herein, and the costs of this appeal to be borne by her.

OTT, Judge (dissenting in part).

I disagree with that part of the opinion being handed down in this case which holds that the claim of loss or impairment of earning capacity forming part of plaintiff's claim for damages is a claim inuring to the benefit of the community existing between plaintiff and her husband, and is recoverable by him alone as head and master of the community.

Article 2402 of the Civil Code prescribes what property shall belong to the community, and by the amendment of this article by Act 68 of 1902, the following provision was added to this article: "But damages resulting from personal injuries to the wife shall not form part of this community, but shall always be and remain the separate property of the wife and recoverable by herself alone."

In my opinion, this amendment has given to the wife and to the wife alone the right to recover all damages to her resulting from personal injuries sustained by her. Where these personal injuries result in her loss of earning capacity, that is a damage which she sustains as a result of the injuries, and I think under the wording of the amending act, as well as its obvious purpose, it was intended to make the damage in loss of earning capacity on the part of the wife resulting from the personal injury her separate property and recoverable by her alone.

I therefore respectfully dissent from that part of the opinion and decree.