Certified Roofing Company, a commercial partnership composed of Harry H. Solomon and P.M. Smith, allege that they were holders of a certain mortgage note for $625, with interest and attorney's fees, and that through error of fact, which was to some extent induced from a fraud practiced upon their attorney by the endorser of the note, P.J.E. Dejoie, one of the defendants in this suit, their said attorney, H.L. Midlo, accepted from the said Dejoie $300 in full settlement of the said note and surrendered it to the said Dejoie. They allege that their said attorney, on discovering his error, offered to return the $300 and asked that the note be returned to him, but that Dejoie refused to return the note or to accept the money. They pray for judgment against the maker of the note, Thomas Jeffrion, and the endorser, P.J.E. Dejoie, in the sum of $325, the balance remaining unpaid on the note and for interest and attorney's fees, as stipulated.
Defendants admit the execution of the note and the endorsement thereof, and that the said Dejoie paid to plaintiff's attorney $300, but they aver that a full and complete accord and satisfaction or compromise of the note was effected, and they deny that they are indebted for any further sum. There was judgment setting aside the alleged compromise entered into between P.J.E. Dejoie and the Certified Roofing Company, and decreeing that the promissory note dated June 30, 1942, signed by Thomas Jeffrion and endorsed by P.J.E. Dejoie, is still in full force and effect, and there was further judgment in favor of plaintiff and against defendants for $625, together with 7% per annum interest thereon from June 30th, 1942 until paid and 10% attorney's fee on said principal and interest, subject to a credit of $300 paid on October 5th, 1943.
Only Dejoie has appealed.
The note dated June 30, 1942, was payable in monthly installments and it contained *Page 145 
a stipulation to the effect that failure to pay any one of the installments would mature the entire note. The holders of the note moved from New Orleans to Chicago, and on July 27, 1942, and again on October 1, 1942, wrote to Dejoie, who was in New Orleans, and offered to accept $300 cash in full payment. Dejoie did not reply to these letters, nor did Jeffrion, and during July, 1943, the holders of the note sent it to their attorney in New Orleans, Mr. H.L. Midlo, and instructed him to enforce collection in full. They did not advise Mr. Midlo that some nine months or so previously they had offered to accept $300 in full settlement. Mr. Midlo made demand for payment in full but was unsuccessful.
Sometime prior to October 1, 1943, Dejoie advised Mr. Midlo that he expected to go to Chicago shortly and would call on the holders of the note, and discuss payment or settlement. On October 1, 1943, Mr. Midlo wrote Jeffrion and Dejoie advising that as Dejoie had not gone to Chicago to discuss the matter with the holders of the note, and since no payment had been made, he would file suit within three days for the full amount of the note and attorney's fees.
On October 4, 1943, Dejoie telephoned to Mr. Midlo advising that he had two letters from the holders of the note in which they offered to accept $300 in full settlement, and stating that he would call on the next day to complete the transaction.
On the next day, October 5, 1943, Dejoie called on Mr. Midlo and handed him a letter which the holders of the note had written on October 1, 1942, in which they had offered to accept $300. Mr. Midlo, not noticing that the letter had been written more than a year before, assumed that it had just been received by Dejoie and that his clients, the holders of the note, without advising him, had written directly to Dejoie making the offer.
Mr. Midlo says that his oversight in failing to notice that the letter was dated October 1, 1942, and not October 1, 1943, to some extent resulted from the fact that Dejoie stated that he had "just" received it. Dejoie denies that he said this but admits that he did not call Mr. Midlo's attention to the fact that the letter was more than a year old. Dejoie went with Mr. Midlo to the bank vault of the latter who there secured the note, handed it to Dejoie and received from him $300 in cash.
On the following day Mr. Midlo discovered his error concerning the date of the letter and telephoned to his clients in Chicago, who told him that they considered their previous offer to Dejoie as withdrawn, and said that they would not accept $300 in full settlement. Midlo then telephoned to Dejoie, advised him of the error and asked him to return the note, saying that he would return to Dejoie the $300 which had been paid. Dejoie refused to do this, and, after consulting with his attorney, confirmed this refusal saying that he considered the settlement a closed transaction and that he would not accept the return of the amount which he had paid. This suit resulted.
[1, 2] There is no doubt at all that the acceptance by Midlo of the payment of $300 resulted from an error of fact on his part. Had he realized that the offer to compromise which his clients made had been dated more than a year before, he says that he would not have acted on it without first consulting his clients. We have no doubt that he was, to some extent, mislead by the action of Dejoie in either telling him that he had just received the letter or in giving him the impression that it had just come. Whether Dejoie did this intentionally is of no importance because even if there was no fraudulent intention or action on his part, the error of fact into which Mr. Midlo fell was sufficient. If, intentionally, he failed to call attention to the date then his withholding of that information was fraud. Civ. Code, art. 1832.
[3-5] Where a contract is brought about as the result of error of fact, if when the error is discovered the parties are still in the same position in which they were, and no prejudice has resulted, the contract may be set aside because of that error. Civ. Code, art. 1819. Counsel for appellant, however, maintains that, as a matter of law, Dejoie was within his rights in accepting the offer of compromise at any time since it had never been expressly withdrawn. In this he is in error for either or both of two reasons: In the first place such an offer as this must be accepted within a reasonable time. Surely the person to whom such an offer is made cannot, without action, hold it for more than a year and then consider that it is still open to him for acceptance. When the holder of a *Page 146 
note makes an offer to accept in full settlement substantially less than the face of the note, it may be assumed that he has a fear that there is danger of the note's being found uncollectible, or that its collection will be delayed to such an extent as to make it desirable to accept a smaller sum at once rather than take the risk of a long delay, or of not collecting anything. It follows that where such an offer is made it results from the desire of the offerer to obtain some amount of money at once, and it follows also that such an offer must be acted upon promptly or it will be considered as having lapsed. Art. 1802 of our Civil Code clearly provides that where any offer is made the offeree shall have for its acceptance "such time as the situation of the parties and the nature of the contract shall prove that it was the intention of the proposer to allow." In the second place, since the offer to compromise was made in October, 1942, surely it was withdrawn when in July, 1943 the note was sent to Mr. Midlo with instructions to insist on collection in full. Therefore, when Mr. Midlo, on July 14th, 1943, wrote to the two defendants and told them that the note had been sent to him for collection and that the holders of it demanded payment in full, that demand constituted a complete withdrawal of the former offer, if any withdrawal was necessary.
[6] Counsel for Dejoie directs attention to the fact that the plaintiffs are still in possession of the $300.00 paid to their attorney when the compromise agreement was entered into, and it is maintained that since an essential prerequisite to the bringing of a suit to set aside a compromise is the return of such amount as may have been paid under the compromise agreement, this suit may not be maintained since that sum has not been formally tendered back to Dejoie. Many cases are cited in which this requirement has been recognized. In Harrison v. First National Life Ins. Co., La. App., 179 So. 123, 126 is a clear and concise statement on the subject:
"* * * it is well settled in Louisiana that before attacking a compromise upon the ground of fraud 'the parties seeking relief must first offer to restore his adversary to the situation he was in before the contract.' It is, therefore, essential that plaintiff should allege the return or tender of the consideration of the compromise. * * *"
[7] It is conceded that there was no formal, legal tender of the return of the money which had been paid but on the other hand it is proven by the testimony of Dejoie, himself, that Mr. Midlo offered to return it and urged him to come to his office to get it, and that he refused to accept it and insisted that he had made a complete and binding compromise. Dejoie also says that he fortified himself in his position by securing the advice of an attorney who advised him to retain the note and not to accept the return of the money. Under such circumstances there was no necessity that the futile ceremony of making a formal tender be resorted to. See McStea Value v. Warren 
Crawford, 26 La. Ann. 453; Alter v. Shepherd et al., 27 La. Ann. 207; Zimmermann v. Langles, 36 La. Ann. 65; Frey v. Fitzpatrick-Cromwell Co., 108 La. 125, 32 So. 437; Central Hdwe. Co., Inc. v. Elliott, 3 La. App. 572.
For these reasons the judgment appealed from is affirmed at the cost of appellant.
Affirmed.
WESTERFIELD, J., absent, takes no part.