**HOLLINQUEST et al. v. KANSAS CITY SOUTHERN RY. CO.**

Civ. A. No. 2801.

United States District Court
W. D. Louisiana, Monroe Division.

Feb. 24, 1950.

Jones & Waltman, Fred W. Jones, Jr., Ruston, La., for plaintiff.

Wilkinson, Lewis & Wilkinson, Byron A. Irwin, Shreveport, La., for defendant.

DAWKINS, Chief Judge.

This action by husband and wife is for personal injuries alleged to have been suffered by the wife because of the negligence of the defendant while travelling as a passenger on one of defendant's trains in the state of Missouri. They allege they are citizens of Louisiana, residing in the parish of Lincoln, within the Monroe Division of this court, and that defendant is a corporation existing under the laws of Missouri.

It is further alleged that plaintiff, wife, was induced by fraudulent acts and representations of the agents of defendant to sign a full acquittance for her injuries on payment of $100 immediately after the accident, when her physical and mental condition was such that she could not appreciate what she was doing, and when she had no opportunity to know or appreciate the extent of her injuries. She asks that the said act of settlement be set aside for the reasons stated, alleges that an offer to return the $100 would be futile because the defendant insists the agreement is binding and bars any recovery.

The husband sues in the alternative "in the event it should be found that the instrument purporting to release the defendant from all liability to plaintiff, Bessie Hollinquest, is valid and binding upon her," she could not legally extinguish his right "to recover for the loss of his wife's household services and earning power."

Based upon an affidavit of poverty, they were authorized to prosecute this suit without the previous payment of costs.

Defendant has moved to dismiss the complaint on the following grounds:

1. Want of jurisdiction ratione personæ of the defendant;

2. Improper venue;

3. Failure to allege tender in demand for nullity of settlement;

4. Failure to state a claim upon which relief could be granted; and

5. The joinder by plaintiffs in one suit of different causes of action "each for his separate use and benefit."

■ 1. The first question for determination, therefore, is the plea to the jurisdiction. The petition discloses that the accident happened in Missouri, the state of defendant's creation, and while there is no specific allegation that the contract or ticket upon which Mrs. Hollinquest was riding at the time of her alleged injuries was entered into or sold in this state, or that the defendant had qualified to do business here by appointing an agent for the service of process, the argument is made that jurisdiction attaches for these reasons. Since counsel for defendant also appears to concede that the ticket was sold here and that the defendant had qualified to do business according to Louisiana law, this deficiency can and should easily be supplied by amendment, and thus save this court and counsel the necessity of a discussion of the law which would apply if the matter were contested. The court does have jurisdiction, if proper service can be had, since plaintiff allegedly is a citizen and resident of this state and district. United States Code, Title 28, Secs. 1332 and 1391.

■ Proceeding, therefore, upon the assumption that the ticket was purchased for a trip originating in this district, it would seem reasonably clear that one of the main purposes of the state law, requiring a corporation to qualify before doing business here, was to permit those having claims arising out of business done in the state to sue in its courts, rather than go to the domicile of the defendant. Hudson v. Georgia Casualty Co. et al, D.C., 57 F.2d 757; Louisville & N. R. Co. v. Chatters, 279 U.S. 320, 49 S.Ct. 329, 73 L.Ed. 711; Vilter Mfg. v. Rolaff, 8 Cir., 110 F.2d 491. The action here is based both upon tort and contract, the latter being the obligation to transport Mrs. Hollinquest safely to her destination.

The plea to the jurisdiction will be overruled.

2. It appears to be conceded that, in view of the ruling of this court in Sartor et al. v. United Gas Public Service Co., Inc., 3 F.Supp. 946, and other decisions, the exception to the venue is not well founded.

■ 3. Defendant urges the well settled jurisprudence of this state that, as a condition precedent to an action to annul a contract on the ground of fraud, error or mistake, the complainant must allege an offer to return what was received thereunder and the refusal of defendant to accept it. Byrne v. Hibernia National Bank, 31 La.Ann. 81; Ackerman v. McShane, 43 La.Ann. 507, 9 So. 483; Johnson v. Shreveport Waterworks Co., 109 La. 268, 33 So. 309. In this case the plaintiff does not allege even an informal tender, but charges: "The defendant has contended and does now contend that the instrument purporting to relieve it of all liability to plaintiff Bessie Hollinquest is valid and binding. Therefore, it would be futile for said plaintiff to make a formal tender of the One Hundred Dollars ($100.00) received at the time of the confection of the said instrument, since an acceptance by defendant of this tender would serve to automatically invalidate the instrument."

■ It is not believed that this is sufficient. The authorities cited by plaintiffs are largely those from other states, whereas here we are bound by the law of Louisiana. See La.Code of Practice, Art. 407, and La.Revised Civil Code of 1870, Arts. 2167–2169; MacLeod v. Hoover, 159 La. 244, 105 So. 305; Harrison v. First National Life Insurance Co., La.App., 179 So. 123; Certified Roofing Co. v. Jeffrion et al., La.App., 22 So.2d 143, and cases cited therein. The effect is to bar the action of the wife, until an offer to return the $100 has been made. This does not necessarily require the dismissal of the complaint, as tender could be made even during the trial, but since the issue has been raised, it should be done before that event. It will, therefore, be necessary for the plaintiff to make the offer and to amend or otherwise place of record defendant's acceptance or refusal. The question of the alleged nullity on the ground of fraud is one of equitable jurisdiction and will have to be heard and decided by the court, before the action at law for damages to the wife can be heard, either by the court or a jury.

■ 4 & 5. As to the contention that the complaint does not state facts entitling the plaintiff, Mrs. Hollinquest, to relief, the law seems to be well settled in Louisiana that all claims for her personal injuries are the exclusive property of the wife, recoverable by her alone, and that the husband, as head and master of the community, has no standing to maintain an action therefor. Revised Civil Code of 1870, Arts. 2402, 2334; Matney v. Blue Ribbon, Inc., et al., 202 La. 505, 12 So.2d 253; Le Blanc v. New Amsterdam Casualty Co. et al., 202 La. 857, 13 So.2d 245. However, claims for the wife's loss of earnings and of her services as a housewife belong to the community and must be sued for by the husband as its head and master. Simon v. Harrison et al., La.App., 200 So. 476; Kientz et al. v. Charles Dennery, Inc., La.App., 17 So.2d 506; Lively et al. v. State et al., La. App., 15 So.2d 617; Houghton v. Hall, 177 La. 237, 148 So. 37. The demand made alternatively in the husband's name is for the sum of $15,000, well above the minimum jurisdiction of this court.

■ Since the alleged damages grow out of the same accident or circumstances as those claimed to have been suffered by the wife, they may be joined in a single action. See Federal Rules of Civil Procedure, Rule 20, 28 U.S.C.A.; Securities and Exchange Commission v. Timetrust, Inc., D.C., 28 F.Supp. 34; Lansburgh & Bro., Inc., v. Clark, 75 U.S.App.D.C. 339, 127 F. 2d 331.

■ As to the claim of the wife, the liability of a carrier is in many respects similar to that of the innkeeper, Revised Civil Code of 1870, Arts. 2751, 2752, 2754, 2965–2971, and about all the passenger has to do is to prove the purchase of a ticket and the fact of his injury in the course of his journey as a passenger, with the burden upon defendant to prove ordinary care. Cusimano v. New Orleans Public Service, Inc., 170 La. 95, 127 So. 376; Brott v. Texas & Pac. Ry. Co., La.App., 35 So.2d 801, and cases cited therein.

The motion to dismiss for failure to state a cause of action as to the wife will for the reasons stated be overruled.